# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**SHAIDON BLAKE,**

    **Plaintiff,**

    v.                                  **CASE NO. 18-3146-SAC**

**JPAY, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER
## AND ORDER TO SHOW CAUSE

Plaintiff Shaidon Blake is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein. Plaintiff is also given the opportunity to file a complete and proper amended complaint that cures all the deficiencies discussed herein.

## I. Nature of the Matter before the Court

Plaintiff proceeds pro se and in forma pauperis in this prisoner civil rights action under 42 U.S.C. § 1983. At the time of filing, Plaintiff was in custody at El Dorado Correctional Facility in El Dorado, Kansas ("EDCF"). Plaintiff's single-count Complaint alleges violations of his First Amendment rights. Plaintiff names as Defendants: JPay, the communications provider for the Kansas Department of Corrections; Paul Snyder, Warden at EDCF; and Joe Norwood, Secretary of Corrections.

Plaintiff alleges that his authored book was ordered censored and banned without good cause. Plaintiff alleges that his agent sent a picture of the cover of Plaintiff's authored book over

JPay and JPay censored it in its entirety, claiming it was sexually explicit. Defendant Snyder, Warden at EDCF, concurred and upheld the ban. Plaintiff appealed to the Secretary of Corrections and Defendant Norwood also concurred. The censorship was allegedly based on sexually explicit material contained in the book. Plaintiff alleges that the book contained no "sexually explicit gestures, no penetration or anything considered vulgar in nature." (Doc. 1, at 2.)

Plaintiff seeks injunctive relief by way of an order allowing Plaintiff's authored books into the KDOC. Plaintiff also seeks $5,000,000 in compensatory damages and $50,000,000 in punitive damages.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th

Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the

line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. Discussion

"Inmates have a First Amendment right to receive information while in prison to the extent the right is not inconsistent with prisoner status or the legitimate penological objectives of the prison." *Jacklovich v. Simmons*, 392 F.3d 420, 426 (10th Cir. 2004) (citations omitted). "[W]hen a prison regulation impinges on inmates' [First Amendment rights], the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). This requires an examination of the following factors: (1) whether a valid and rational connection exists between the regulation and the asserted legitimate governmental interest; (2) whether alternative means of exercising the constitutional right remain available to inmates; (3) any effect accommodating the right would have on guards, inmates, and the allocation of prison resources; and (4) the absence of ready alternatives. *Id.* at 89–90. "The burden, moreover, is not on the State to prove the validity of prison regulations but on the prisoner to disprove it." *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003) (citations omitted).

The governmental objectives underlying K.A.R. § 44-12-313 have been found to be legitimate and neutral and the regulation has been found to rationally relate to those objectives. *See Sperry v. Werholtz*, 413 F. App'x 31, 40 (10th Cir. 2011) (unpublished). The Kansas Administrative Regulations were amended in 2004 to provide that:

> (a) No inmate shall have in possession or under control any sexually explicit materials, including drawings, paintings, writing, pictures, items, and devices.
> (b) The material shall be considered sexually explicit if the purpose of the material is sexual arousal or gratification and the material meets either of the following conditions:
>> (1) Contains nudity, which shall be defined as the depiction or display of any state of undress in which the human genitals, pubic region, buttock, or female breast at a point below the top of the aerola is less than completely and opaquely covered; or
>> (2) contains any display, actual or simulated, or description of any of the following:
>> (A) Sexual intercourse or sodomy, including genital-genital, oral-genital, anal-genital, and anal-oral contact, whether between persons of the same or differing gender;
>> (B) masturbation;
>> (C) bestiality; or
>> (D) sadomasochistic abuse.

K.A.R. § 44-12-313(a) and (b). The reasons for the promulgation of the amended regulation were set forth in *Sperry*. The Secretary of the KDOC at that time "decided to prohibit sexually explicit publications and items from correctional facilities to help with institutional security, facilitate rehabilitation of sex offenders, and prevent sexual harassment." *Sperry*, 413 F. App'x at 34. The Secretary testified that he made the decision for the following reasons:

> Sexually explicit materials are a general impediment to the preservation of security at KDOC facilities. They can reasonably be expected to lead to the open performance of lewd acts, which disrupts overall security and order. The possession of sexually explicit materials can openly identify an inmate as homosexual and create an immediate security concern, as such inmates are often targeted for exploitation or violent attack. Sexually explicit materials disrupt and interfere with the treatment and management of sex offenders. The blanket ban prevents sex offenders from having access to such materials directly or by illicit dealing and trading of sexually explicit materials with non-sex offenders. The materials may also be used to sexually harass staff members. There was a potential for staff to file sexual harassment complaints due to exposure to the materials in the workplace environment. Prior to the amendments to Kan. Admin. Regs. § 44–12–313, KDOC had received complaints from prison staff about being required to view

5

these materials while performing their duties. Inmates had also made comments referencing comparisons between prison staff and individuals in the publications or other materials.

*Id*. at 34–35. The Secretary also testified that prior to the amendment "KDOC staff spent excessive amounts of time: (1) reviewing publications to determine what was allowable and what was not; (2) processing and deciding appeals from the initial decision; and (3) processing notifications and other information related to ordering, receiving, or failing to receive such materials." *Id*. at 35. He further testified that "(1) there was not an easier alternative in dealing with sexually explicit materials; (2) redacting the prohibited material was not a workable alternative because KDOC receives mail for thousands of inmates; and (3) it would be costly and cumbersome for staff members to redact the sexually explicit material from each publication." *Id*.

Plaintiff alleges that his authored book or book cover were withheld as sexually explicit and that the book contained no "sexually explicit gestures, no penetration or anything considered vulgar in nature." However, the regulation prohibits more than these categories, and Plaintiff fails to even identify or describe what was contained on the book cover. Plaintiff does not state a federal constitutional violation by alleging that his materials were withheld as sexually explicit without more. *See Meredith v. Roberts*, No. 12-3027-SAC, 2012 WL 1380330, at *5 (D. Kan. April 20, 2012). As the Tenth Circuit has noted:

> [S]uch restrictions are sufficiently commonplace in the prison setting, *see, e.g., Thornburgh*, 490 U.S. at 415–19, 109 S. Ct. 1874 (upholding restrictions on prisoners' incoming mail); *Smith*, 899 F.2d at 944 (complaint about undelivered catalogues did not raise a constitutional issue), that his claim is not plausible absent allegations showing that the restrictions were imposed in violation of prison regulations or that the regulations invoked were unconstitutional in the circumstances.

*Id*. (quoting *Gee v. Pacheco*, 627 F.3d 1178, 1190 (10th Cir. 2010)).

**IV. Response and/or Amended Complaint Required**

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein. Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein.[1] Plaintiff is given time to file a complete and proper amended complaint in which he (1) shows he has exhausted administrative remedies for all claims alleged; (2) raises only properly joined claims and defendants; (3) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (4) alleges sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **February 11, 2019,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

---

[1] To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (18-3146-SAC) at the top of the first page of his amended complaint and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **February 11, 2019**, in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

The clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 15th day of January, 2019.**

<u>**s/ Sam A. Crow**</u>
**Sam A. Crow**
**U.S. Senior District Judge**