Shaidon Blake
Name

L.C.F  P.O. Box 2

Lansing, KS. 66043
Address

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

Shaidon E. Blake, Plaintiff
(Full Name)

V.

Jpay, Defendant (s)
Paul Snyder  Warden
Joe Norwood  Sec. of Corr.

CASE NO. 18-3146-SAC
(To be supplied by the Clerk)

**AMENDED**
CIVIL RIGHTS COMPLAINT
PURSUANT TO 42 U.S.C.
§1983

## A. JURISDICTION

1) Shaidon Blake (Plaintiff), is a citizen of California (State) who presently resides at L.C.F P.O. Box 2, Lansing, KS. 66043 (Mailing address or place of confinement.)

2) Defendant Jpay (Name of first defendant) is a citizen of _____ (City, State), and is employed as Communications Provider (Position and title, if any). At the time the claim(s) alleged in this complaint arose, was this defendant acting under the color of state law? Yes ✓ No ☐. If your answer is "Yes", briefly explain:

Jpay controls all accounting info, monies recieved and they screen Emailed info going to K.D.O.C. prisoners. They are government contracted

1

3) Defendant **Paul Snyder** is a citizen of
   (Name of second defendant)

   **Kansas**, and is employed as
   (City, state)

   **Warden**. At the time the
   (Position and title, if any)

   claim (s) alleged in this complaint arose was this defendant acting under the color of state law? Yes ☑ No ☐. If your answer is "Yes", briefly explain:

   Administrative Remedy proceedures required me to appeal to Warden, who concurred with the ban.

   (Use the back of this page to furnish the above information for additional defendants.)

4) Jurisdiction is invoked pursuant to 28 U.S.C. §1343(3); 42 U.S.C. §1983. (If you wish to assert jurisdiction under different or additional statutes, you may list them below.)

   U.S Constitution 1st amend.

## B. NATURE OF THE CASE

1) Briefly state the background of your case:

   Plaintiffs authored books were ordered banned and censored without good cause, using explicate materials as the reason. Petitioner quotes and sites Turner v. Safley 482 U.S. 78, 89, 107 S.CT. 2254, 2262, 96 L. Ed. 2d 64; warden may not reject a publication "solely because its contents is religeous, philisophical, political, social, sexual, or unpopular, or repugnant, or establish an excluded list of publications. This is a clear violation of the U.S. Const. under the standard set forth in Procunier v. Martinez 416, U.S. 396, 94 S. CT. 1800, 40 L.Ed. 2d 224. (Continue on Back)

2

XE-2 8/82                    CIVIL RIGHTS COMPLAINT §1983

## Nature of Case Continue

In Jacklovich v. Simmons 392 F.3d 420 10th cir. 2004, the courts made the standard for censorship material "inconsistant with prisoner status or the legitimate penological objective of the prison." But this ban does not apply to these standards making the censorship unconstitutional and arbitrarly caupricious.

In disproving the validity of the regulation, Petitioner relies on K.A.R. § 44-12-313 which specifically defines Sexually Explicite as (b) The material shall be considered sexually explicite if the purpose of the material is sexual arousal or gratification and meets the following conditions: (1) Contains nudity, display of genitals, pubic region etc. (2) actual or simulated or description of any of the following: (A) Sexual intercourse or sodomy of any kind. (b) masturbation; (c) bestiality; (D) Sadomasochists abuse. Petitioners books does not fall under either catagory described to justify censorship or ban.

In Procunier v. Martinez The U.S. court of appeals found the regulations wanting and remanded the case for an individualized determination on the constitutionality of the exclusions. Rejection of publications is authorized "only if it is determined detrimental to the security, good order, or discipline of the institution or if it might facilitate criminal activity." 28 C.F.R. § 540.71(b) (1988) The court of appeals predicated its jurisdiction on 28 U.S.C. § 1292 (a)(1) on the ground that the order of the district court denied respondent injunctive relief. Abbott v. Meese 263 U.S. App. D.C 186, 187-188 824 F. 2d 1166-1168 (1987).

The secretary's decision to concur with the decison to censor and ban Petitioners books makes him a principle to the offense along with his co-defendants Jpay and Paul Snyder because Petitioner appealed the censorship before seeking relief from this Honorable Court.

This unjust censorship in no way is justified by way of institutional security or the hinderance of treatment. None of the banned material meets the criteria for K.D.O.C. Ban but this unconstitutional ban does hinder prisoner reform. As a author, my creations is a form of rehabilitations and therapy. To prohibite any positive growth would be contrary to the idea of reform and not conducive for positive change. urban authored books seem to be the only ones banned yet author James Patterson and Tom Clancey's books are exceptable even though they all display mass murder drug use, Rape, child abuse and ideologies consistant with illegal anti-government roderick. If the state can ban for reason given to Plaintiff without a showing that Plaintiffs books violate law, then what book can stand in the prison library or any other. Specifically the Plaintiffs censored book, it is a violation of Petitioners 1st amindment rights to exclude & censor book.

### Add. Defendant

Sec. Joe Norwood a citizen of Topeka Kansas, employed as Sec. of corrections, acted under color of law by making the final decision to censor and ban Plaintiffs books.

## C. CAUSE OF ACTION

1) I allege that the following of my constitutional rights, privileges or immunities have been violated and that the following facts form the basis for my allegations: (If necessary you may attach up to two additional pages (8½" x 11") to explain any allegation or to list additional supporting facts.)

A) (1) Count I: 1st amend U.S.C violation of Freedom of Speech and press

(2) Supporting Facts: (Include all facts you consider important, including names of persons involved, places and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.):

All (3) def. agreed to censor and ban Petitioners authored books against 1st amend ca. Jpay iniciated ban, def Snyder concurred w/ ban as did def. Norwood leaving Petitioner w/ no more remedies for administration

B) (1) Count II: _____

_____

_____

(2) Supporting Facts: _____

_____

_____

_____

3

XE-2 8/82        CIVIL RIGHTS COMPLAINT §1983

C) (1) Count III: _____

_____

_____

(2) Supporting Facts: _____

_____

_____

_____

## D. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1) Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment? Yes ☑ No ☐ . If your answer if "Yes", describe each lawsuit. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

   a) Parties to previous lawsuit:
      Plaintiffs: Blake
      Defendants: Maynard et Al.
   b) Name of court and docket number U.S District Court for Maryland
      AW-09-2367
   c) Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) Settlement reached

   d) Issues raised Use of excessive force

e) Approximate date of filing lawsuit  2009

f) Approximate date of disposition  2013 & 2017

1) I have previously sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part C Yes ☑ No ☐. If your answer is "Yes", briefly describe how relief was sought and the results. If you answer is "No", briefly explain why administrative relief was not sought.

Filed appeals to warden & Sec. of Corr.

2) REQUEST FOR RELIEF

1) I believe that I am entitled to the following relief:

order allowing Plaintiffs books and other Urban authored books in the Kansas Dept. of Corrections 5 million dollars Compensitory damages and 50 million dollars punitive damages.

_____          _Spencer Blake_____
Signature of Attorney (if any)                    Signature of Plaintiff

_____

(Attorney's full address and telephone number)

5

XE-2 8/82                    CIVIL RIGHTS COMPLAINT §1983