# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

SHAIDON BLAKE,

    Plaintiff,

    v.                            CASE NO. 18-3146-SAC

JPAY, et al.,

    Defendants.

## MEMORANDUM AND ORDER

Plaintiff proceeds pro se and in forma pauperis in this prisoner civil rights action under 42 U.S.C. § 1983. At the time of filing, Plaintiff was in custody at the El Dorado Correctional Facility in El Dorado, Kansas. Plaintiff's single-count Complaint alleges that his authored book was ordered censored and banned without good cause. Plaintiff alleges that his agent sent a picture of the cover of Plaintiff's authored book over JPay and JPay censored it in its entirety, claiming it was sexually explicit. Defendant Snyder, Warden at EDCF, concurred and upheld the ban. Plaintiff appealed to the Secretary of Corrections and Defendant Norwood also concurred. The censorship was allegedly based on sexually explicit material contained in the book. Plaintiff alleges that the book contained no "sexually explicit gestures, no penetration or anything considered vulgar in nature." (Doc. 1, at 2.)

Plaintiff seeks injunctive relief by way of an order allowing Plaintiff's authored books into the KDOC. Plaintiff also seeks $5,000,000 in compensatory damages and $50,000,000 in punitive damages. Plaintiff names as Defendants: JPay, the communications provider for the

Kansas Department of Corrections; Paul Snyder, Warden at EDCF; and Joe Norwood, Secretary of Corrections.

The Court entered a Memorandum and Order and Order to Show Cause (Doc. 6) ("MOSC"), granting Plaintiff the opportunity to either show good cause why his Complaint should not be dismissed or to file a proper amended complaint. This matter is before the Court for screening of Plaintiff's Amended Complaint (Doc. 7). The Court's screening standards were set out in the Court's MOSC.

In the MOSC, the Court found that the governmental objectives underlying K.A.R. § 44-12-313 have been found to be legitimate and neutral and the regulation has been found to rationally relate to those objectives. *See Sperry v. Werholtz*, 413 F. App'x 31, 40 (10th Cir. 2011) (unpublished). The Court also found that Plaintiff fails to even identify or describe what was contained in the banned materials. Plaintiff does not state a federal constitutional violation by alleging that his materials were withheld as sexually explicit without more. *See Meredith v. Roberts*, No. 12-3027-SAC, 2012 WL 1380330, at *5 (D. Kan. April 20, 2012). As the Tenth Circuit has noted:

> [S]uch restrictions are sufficiently commonplace in the prison setting, *see, e.g., Thornburgh*, 490 U.S. at 415–19, 109 S. Ct. 1874 (upholding restrictions on prisoners' incoming mail); *Smith*, 899 F.2d at 944 (complaint about undelivered catalogues did not raise a constitutional issue), that his claim is not plausible absent allegations showing that the restrictions were imposed in violation of prison regulations or that the regulations invoked were unconstitutional in the circumstances.

*Id*. (quoting *Gee v. Pacheco*, 627 F.3d 1178, 1190 (10th Cir. 2010)).

Plaintiff's Amended Complaint fails to address the deficiencies discussed in the MOSC. Plaintiff continues to allege that the censored items were not sexually explicit without any factual

support or allegations regarding the content of the banned items. Plaintiff fails to state a claim for a violation of his First Amendment rights.

Plaintiff also filed a "supplement" to his Complaint (Doc. 8) where he attempts to add new claims and new defendants based on the subsequent destruction of his manuscripts, which he claims was done without a confiscation form "as Kansas law requires." Plaintiff also alleges that some of his personal pictures and other property have been lost or "broken intentionally." Deprivations of property do not deny due process as long as there is an adequate post-deprivation remedy. A due process claim will arise only if there is no such procedure or it is inadequate. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Smith v. Colorado Dept. of Corr.*, 23 F.3d 339, 340 (10th Cir. 1994) ("Fourteenth Amendment due process guarantees pertaining to property are satisfied when an adequate, state postdeprivation remedy exists for deprivations occasioned by state employees."). Kansas prisoners have an adequate state post-deprivation remedy. *See generally, Sawyer v. Green*, 316 F. App'x 715, 717, 2008 WL 2470915, at *2 (10th Cir. 2008) (finding Kansas county prisoner could seek relief in state courts to redress alleged deprivation of property). Plaintiff fails to state a claim for relief.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 16th day of August, 2019.**

                                          **s/ Sam A. Crow**
                                          **Sam A. Crow**
                                          **U.S. Senior District Judge**