# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

SHAIDON BLAKE,

    Plaintiff,

    v.                                   CASE NO. 18-3146-SAC

JPAY, et al.,

    Defendants.

## MEMORANDUM AND ORDER

    Plaintiff proceeds pro se and in forma pauperis in this prisoner civil rights action under 42 U.S.C. § 1983. At the time of filing, Plaintiff was in custody at the El Dorado Correctional Facility in El Dorado, Kansas. Plaintiff alleges that Defendants censored and banned his authored books without good cause and in violation of his First Amendment rights. The Court entered a Memorandum and Order and Order to Show Cause (Doc. 6) ("MOSC"), granting Plaintiff the opportunity to either show good cause why his Complaint should not be dismissed or to file a proper amended complaint. Plaintiff filed an Amended Complaint (Doc. 7). On August 16, 2019, the Court entered a Memorandum and Order (Doc. 9) finding that the Amended Complaint failed to cure the deficiencies discussed in the MOSC and dismissing this matter for failure to state a claim. This matter is before the Court on Plaintiff's Motion to Alter or Amend (Doc. 13).

    The Court found in the MOSC that the governmental objectives underlying K.A.R. § 44-12-313 have been found to be legitimate and neutral and the regulation has been found to rationally relate to those objectives. *See Sperry v. Werholtz*, 413 F. App'x 31, 40 (10th Cir.

2011) (unpublished). The Court also found that Plaintiff fails to even identify or describe what was contained in the banned materials, stating that:

> Plaintiff alleges that his authored book or book cover were withheld as sexually explicit and that the book contained no "sexually explicit gestures, no penetration or anything considered vulgar in nature." However, the regulation prohibits more than these categories, and Plaintiff fails to even identify or describe what was contained on the book cover. Plaintiff does not state a federal constitutional violation by alleging that his materials were withheld as sexually explicit without more. *See Meredith v. Roberts*, No. 12-3027-SAC, 2012 WL 1380330, at *5 (D. Kan. April 20, 2012). As the Tenth Circuit has noted:
> > [S]uch restrictions are sufficiently commonplace in the prison setting, *see, e.g., Thornburgh*, 490 U.S. at 415–19, 109 S. Ct. 1874 (upholding restrictions on prisoners' incoming mail); *Smith*, 899 F.2d at 944 (complaint about undelivered catalogues did not raise a constitutional issue), that his claim is not plausible absent allegations showing that the restrictions were imposed in violation of prison regulations or that the regulations invoked were unconstitutional in the circumstances.
>
> *Id*. (quoting *Gee v. Pacheco*, 627 F.3d 1178, 1190 (10th Cir. 2010)).

(Doc. 6, at 6.)

In dismissing this matter, the Court found that: Plaintiff's Amended Complaint fails to address the deficiencies discussed in the MOSC; Plaintiff continues to allege that the censored items were not sexually explicit without any factual support or allegations regarding the content of the banned items; and Plaintiff fails to state a claim for a violation of his First Amendment rights.

Plaintiff argues in his motion to alter or amend judgment that Defendants censored and banned his authored books without good cause and in violation of his First Amendment rights. Plaintiff alleges that K.A.R. § 44-12-313 has not been violated and the Court cannot conclude

otherwise "without a review of exhibits which has not yet occurred." (Doc. 13, at 1–2.) Plaintiff alleges that the rules were made to regulate and facilitate the rehabilitation of sex offenders, and because Plaintiff is not a sex offender he should not be subjected to "cruel and unusual atypical conditions due to the facilities need to regulate sex offenders." *Id*. at 2. Plaintiff makes the bald allegation that his books are not a security risk and do not promote sexual harassment. *Id*.

Local Rule 7.3 provides that "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60." D. Kan. Rule 7.3(a). Because Plaintiff's motion was filed within 28 days after the entry of the order, the Court will treat it as a motion under Rule 59. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion under Rule 59(e) is not to be used to rehash arguments that have been addressed or to present supporting facts that could have been presented in earlier filings. *Id*. Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006); *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016) (relief under R. 59(e) is rare).

Plaintiff has failed to show that he is entitled to relief from the Court's judgment dismissing this matter. Plaintiff alleges that the Court needs to consider exhibits which allegedly

"has not yet occurred." However, there are no exhibits attached to Plaintiff's Complaint or Amended Complaint or Supplement. (Docs. 1, 7, 8.) Furthermore, Plaintiff continues to make bald allegations that his authored materials were censored without good cause, without any factual support. Plaintiff's allegations are completely conclusory. *See Ysais v. Richardson*, 603 F.3d 1175, 1180 (10th Cir. 2010) (sating that district court did not abuse its discretion in denying a motion under Rule 59(e) based only on conclusory statements).

Plaintiff does not meet the exacting standard for relief under Fed. R. Civ. P. 59(e). In sum, Plaintiff has failed to meet the standard required for this Court to alter or amend its August 16, 2019 Order and Judgment, and that ruling stands.

Plaintiff filed a Motion to Appoint Counsel (Doc. 12), arguing that he is indigent and is in segregation with limited access to legal materials. The Court has considered Plaintiff's motion for appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to

investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) Plaintiff has not asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. The Court denies the motion.

Plaintiff has also filed a Motion to Stop Forma Pauperis Fees (Doc. 18), asking the Court to stop the fee payments in this case and one of Plaintiff's prior cases filed in this Court. Plaintiff asks the Court to relieve him of court costs for cases that are no longer active. However, as noted in this Court's order granting Plaintiff leave to proceed *in forma pauperis*, "Plaintiff remains obligated to pay the remainder of the $350.00 filing fee. The agency having custody of plaintiff shall forward payments from plaintiff's account in installments calculated under 28 U.S.C. § 1915(b)(2)." (Doc. 3.)

Congress enacted the federal *in forma pauperis* statute, 28 U.S.C. § 1915, to ensure access to the courts by persons financially unable to pay court fees. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1761 (2015). Section 1915(a)(1) permits the federal courts to "authorize the commencement . . . of any suit . . . without prepayment of fees" if a person submits an affidavit that shows he "is unable to pay such fees."

In the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 321 (1996), Congress addressed the "sharp rise in prisoner litigation in the federal courts." *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). In part, the PLRA modified 28 U.S.C. § 1915 to require prisoners proceeding without the prepayment of fees to pay their filing fees in installments calculated upon the amount in their institutional financial accounts. 28 U.S.C. § 1915(b).

While this statute allows those prisoners who demonstrate that their financial resources are insufficient to prepay their filing fees to pay them in installments, it does not permit them to

avoid the payment of statutory filing fees entirely. Under 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* "shall be required to pay the full amount of a filing fee." Plaintiff has provided no factual or legal basis for this Court to relieve him of this statutory obligation.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Appoint Counsel (Doc. 12) and Motion to Stop Forma Pauperis Fees (Doc. 18) are **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Alter or Amend Judgment (Doc. 13) is **denied.**

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 4th day of September, 2019.**

                                                                          s/ Sam A. Crow
                                                                          **Sam A. Crow**
                                                                          **U.S. Senior District Judge**