**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**SHAIDON BLAKE,**

        **Plaintiff,**

        **v.**                              **CASE NO.  18-3146-SAC**

**JPAY, et al.,**

        **Defendants.**

## ORDER

Plaintiff brings this prisoner civil rights action under 42 U.S.C. § 1983.  This matter is before the Court on the Unopposed Motion of Plaintiff's Counsel for Leave to Withdraw (Doc. 36), Plaintiff's pro se Motion to Appoint Counsel (Doc. 39), Plaintiff's pro se Motion Requesting Documentation (Doc. 40), and Plaintiff's pro se Motion for Extension of Time (Doc. 41).

Plaintiff, through his current counsel, has submitted three Status Reports (Docs. 32, 34, and 37).  The first two Status Reports indicated that the parties were engaged in preliminary discussions about resolving this case without further litigation.  Plaintiff indicated that if the parties could not reach a resolution, Plaintiff intended to file a motion for leave to file a second amended complaint.

Plaintiff submitted a third Status Report (Doc. 37) on May 19, 2021, indicating that Plaintiff and Plaintiff's counsel have had additional conversations about these efforts to resolve the case, with the expectation that if the parties ultimately were unable to reach a resolution, Plaintiff would file a motion for leave to file a second amended complaint. The Status Report indicates that "[d]uring the course of these conversations, Blake and his counsel have reached an

irreconcilable disagreement on fundamental questions about how to proceed with this litigation. As such, undersigned counsel has, concurrent with this status report, filed a motion for leave to withdraw as counsel to Blake." (Doc. 37, at 1.)

The unopposed motion to withdraw as counsel provides that Plaintiff and counsel "developed significant strategic difference in how to proceed with this litigation" and "the differences remain irreconcilable." (Doc. 36, at 1–2.) The motion also indicates that Plaintiff "has informed movant that in light of this fundamental disagreement, Blake's preference is to proceed pro se." *Id*. at 2. The motion complies with the Court's Local Rules. *See* D. Kan. Rule 83.5.5(a) ("Withdrawal of Attorney Whose Client Will be Left Without Counsel."). The Court grants the unopposed motion to withdraw.

Plaintiff has filed a pro se motion to appoint counsel (Doc. 39), seeking new counsel due to his disagreements with his previously-appointed counsel. The Court has considered Plaintiff's motion for appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to

investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. The Court denies the motion without prejudice to refiling the motion if Plaintiff's complaint survives screening.

Plaintiff filed a pro se motion seeking documentation regarding Defendants' response to Plaintiff's complaint. (Doc. 40, at 1.) Plaintiff alleges that the Court extended the deadline but the "record does not reflect new deadline or rather defendant JPay ever filed a[n] answer." *Id*. Plaintiff requests a copy of the answers, or if none exist he requests a Court order for compliance. *Id*. The Court entered an Order (Doc. 30) on August 7, 2020, ordering that "the deadline for Defendants to file an answer or otherwise respond shall be extended to thirty days following the Court's ruling on the motion for leave to file a second amended complaint." (Doc. 30, at 1.) Therefore, the deadline to answer or respond was stayed pending Plaintiff's submission of a motion for leave to file a second amended complaint. On May 20, 2021, the Court entered an Order (Doc. 38) granting Plaintiff until June 11, 2021, in which to file a motion for leave to file a second amended complaint. The deadline to answer will be extended to thirty days following the Court's ruling on a motion for leave to file second amended complaint if such a motion is filed. If a motion is not filed by the Court's deadline, the Court will set a deadline for all Defendants to answer or otherwise respond to Plaintiff's First Amended Complaint at Doc. 7. Plaintiff's motion seeking documentation is denied.

Plaintiff has also filed a pro se motion for extension of time (Doc. 41) seeking an extension of time to file a motion for leave to file a second amended complaint. Plaintiff alleges that he did not get notice of the current July 11, 2021 deadline in time to prepare an amended complaint. The Court will grant Plaintiff a thirty-day extension of time. To the extent Plaintiff

also requests the appointment of counsel in this motion, the request is denied for the reasons set forth above. Plaintiff also asks the Court to give him instructions on what is required in the amended complaint. The Court will not give Plaintiff legal advice. Plaintiff has already filed a Complaint (Doc. 1) and an Amended Complaint (Doc. 7) pro se, and the Court entered a Memorandum and Order and Order to Show Cause (Doc. 6) setting forth the Court's screening standards. Plaintiff's request for guidance on filing his second amended complaint is denied. However, the Court will direct the Clerk to provide Plaintiff with forms and instructions for filing a § 1983 complaint.

**IT IS THEREFORE ORDERED BY THE COURT** that the Unopposed Motion of Plaintiff's Counsel for Leave to Withdraw (Doc. 36) is **granted.**

**IT IS FURTHER ORDERED** that Plaintiff's pro se Motion to Appoint Counsel (Doc. 39) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's pro se Motion Requesting Documentation (Doc. 40) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's pro se Motion for Extension of Time (Doc. 41) is **granted** to the extent Plaintiff seeks an extension of time to file a motion for leave to file a second amended complaint. The motion is **denied** in all other respects.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **July 12, 2021,** in which to file a motion for leave to file a second amended complaint. If Plaintiff fails to file a motion for leave to file a second amended complaint by this deadline, this case will proceed on Plaintiff's current First Amended Complaint at Doc. 7.

The Clerk is directed to provide Plaintiff with forms and instructions for filing a § 1983 complaint.

**IT IS SO ORDERED**.

**Dated June 3, 2021, in Topeka, Kansas.**

<u>**s/ Sam A. Crow**</u>
**Sam A. Crow**
**U.S. Senior District Judge**