IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHAIDON BLAKE,

      **Plaintiff,**

      v.                                                 CASE NO. 18-3146-SAC

JPAY, et al.,

      **Defendants.**

**ORDER**

Plaintiff brings this prisoner civil rights action under 42 U.S.C. § 1983. Plaintiff proceeds pro se. This matter is before the Court on the Motion to Strike Plaintiff's Second Amended Complaint (Doc. 46) filed by Defendants Norwood and Snyder (the "KDOC Defendants"); Plaintiff's Motions for Summary Judgment (Docs. 47, 51); and Plaintiff's Motion Opposing Any Extension (Doc. 48).

**Background**

The Court entered an Order (Doc. 30) on August 7, 2020, ordering that "the deadline for Defendants to file an answer or otherwise respond shall be extended to thirty days following the Court's ruling on the motion for leave to file a second amended complaint." (Doc. 30, at 1.) On July 7, 2021, Plaintiff filed his Second Amended Complaint (Doc. 43) ("SAC"), without filing a motion for leave to file the SAC. The Court entered an Order (Doc. 45) granting Defendants until August 9, 2021, in which to file an answer or otherwise respond to Plaintiff's SAC. The KDOC Defendants responded by the Court's deadline with a Motion to Strike the SAC.

**Motion to Strike**

The KDOC Defendants filed a motion to strike Plaintiff's SAC under Fed. R. Civ. P. 12(f). The KDOC Defendants argue that instead of following the Court's directive to file a

1

motion for leave to file his amended complaint, Plaintiff filed his SAC without a motion. Plaintiff has filed a response (Doc. 48) arguing that he filed his SAC on the forms supplied by the Court.  Plaintiff also objects to any extension of time sought by the KDOC Defendants.

Federal Rule of Civil Procedure 12(f) permits the Court to strike "any redundant, immaterial, impertinent or scandalous matters" from a pleading.  Motions to strike are generally disfavored and the remedy of striking is regarded as a drastic remedy.  *Qinghua Zhang v. Federal Home Loan Bank of Topeka*, Case No. 19-4073-SAC, 2019 WL 7293586, at *4 (D. Kan. Dec. 30, 2019); *see also Harrington v. Kansas*, Case No. 5:20-cv-04081-HLT-KGG, 2021 WL 860947, at *2 (D. Kan. March 8, 2021) (stating that motions to strike are disfavored and striking a pleading is a drastic measure) (citation omitted).

When leave of the court is required to amend under Rule 15(a)(2), the court may refuse leave "only [upon] a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (quoting *Duncan v. Manager*, *Dep't of Safety, City & Cty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005)). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  The decision whether to grant leave to amend is within a district court's sound discretion. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971); *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

"A proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason . . .." *Watson ex rel. Watson v. Beckel*, 242 F.3d 1237, 1239–40 (10th Cir. 2001) (citations omitted).  "The timeliness component of Rule 15(a)(2) is intended to consider more than mere passage of time; the court is to examine whether a delayed motion created a burden." *Orchestrate HR, Inc. v. Blue Cross and Blue Shield of Kansas, Inc.*, 2021 WL

2515025, at *3 (D. Kan. June 18, 2021).  Generalized assertions of prejudice do not overcome Rule 15's purpose of "provid[ing] litigants the maximum opportunity for each claim to be decided on its merits."  *Id*. at *3 (citing *Minter*, 451 F.3d 1196, at 1204 (internal citation omitted)).  In determining futility, the question is not whether a plaintiff will ultimately prevail, but whether they are entitled to offer evidence to support the proposed amended claim.  *Id*.

Though it is undisputed that Plaintiff failed to file a motion for leave to amend, neither Plaintiff's violations of procedural rules nor the delay associated with Plaintiff's amendments are sufficient to demonstrate the prejudice necessary to sustain a motion to strike.  *See Minter*, 451 F.3d at 1204 (finding that plaintiff's attempt to add a claim in the pretrial order was the equivalent of asking leave to amend his complaint and must be evaluated under Rule 15(a)).  The parties have been in settlement negotiations and are aware of the nature of the claims in this case.  Plaintiff's allegations in the SAC are the same claims he has previously raised in this case.  The Court finds no undue prejudice, bad faith or futility of amendment.  The Court finds that Plaintiff's claims in his SAC survive screening.

In their motion to strike, the KDOC Defendants ask for a thirty-day extension of time to respond to the SAC in the event the Court does not grant their motion to strike.  (Doc. 46, at 5.)  The Court will grant all Defendants until September 30, 2021, in which to file an answer or otherwise respond to the SAC.  To the extent Plaintiff has filed a motion objecting to any extension of time, such motion is denied.

**Motions for Summary Judgment**

Plaintiff has filed two motions for summary judgment.  (Docs. 47, 51.)  Plaintiff alleges that the Defendants have not presented any opposition to Plaintiff's claims and that Defendant JPay has failed to respond at all in this case.  Plaintiff also alleges that concessions made by the KDOC Defendants during settlement negotiations prove his case.  However, the parties' private

settlement negotiations are not before the Court, and the deadline for Defendants to answer is set for September 30, 2021. Therefore, any motion for summary judgment or default judgment is premature. Plaintiff's motions are denied without prejudice as premature.

Although the Court will accept Plaintiff's SAC as filed, the Court advises Plaintiff that he must comply with the Court's Local Rules and the Federal Rules of Civil Procedure despite his pro se status.

**IT IS THEREFORE ORDERED BY THE COURT** that the Motion to Strike Plaintiff's Second Amended Complaint (Doc. 46) filed by Defendants Norwood and Snyder is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff is granted leave to file his Second Amended Complaint at Doc. 43.

**IT IS FURTHER ORDERED** that Plaintiff's Motions for Summary Judgment (Docs. 47 and 51) are **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion Opposing Any Extension (Doc. 48) is **denied**.

**IT IS FURTHER ORDERED** that the deadline for Defendants to answer or otherwise respond to the Second Amended Complaint is extended to **September 30, 2021.**

**IT IS SO ORDERED**.

**Dated August 31, 2021, in Topeka, Kansas.**

<u>s/ Sam A. Crow</u>
**Sam A. Crow**
**U.S. Senior District Judge**