# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

SHAIDON BLAKE,

        *Plaintiff,*

vs.

        Case No. 18-CV-03146-EFM-GEB

JPAY, INC., *et al.*,

        *Defendants.*

## MEMORANDUM AND ORDER

This matter comes before the Court on two motions by Plaintiff Shaidon Blake, proceeding pro se, both of which request that a default judgment be entered against Defendant JPay, Inc (Docs. 60 and 74).[1]  The Court previously ordered JPay to show good cause, by February 23, 2022, as to why the Court should not order the entry of JPay's default under Rule 55.  JPay responded to the Court's order by this deadline (Doc. 73).

The Court finds that good cause exists to avoid the entry of default.  JPay has shown that, in August 2020, it reached an informal understanding with Plaintiff's then-appointed counsel that it would not respond to the First Amended Complaint.  It would instead wait until the filing of the

---

[1] Doc. 60 is stylized as a Motion for Summary Judgment, but actually seeks a default against JPay because of its failure to respond to his Second Amended Complaint.

Second Amended Complaint, anticipated to be completed in September 2020, which would avoid requiring JPay to respond to a complaint that was about to be superseded.  JPay further informed Plaintiff's counsel of its contention that it was an improper party Defendant.  It believed Plaintiff's counsel would ensure it was no longer named as a Defendant on the forthcoming Second Amended Complaint.  JPay's counsel did not enter an appearance in this case, and therefore did not receive electronic notification of any future filings.

The filing of the Second Amended Complaint did not proceed according to the anticipated timeline.  It was not filed until July 7, 2021.  By that time, Plaintiff's appointed counsel had withdrawn, and Plaintiff was proceeding pro se.  Though JPay was still named as a Defendant in the Second Amended Complaint, the complaint does not reflect that it was served on JPay and JPay's counsel confirms that it was not.

It seems, then, that JPay, having neglected to enter an appearance, had limited opportunities to receive updates about this case.  It's one apparent lifeline to this case was Plaintiff's counsel, who had withdrawn when the Second Amended Complaint was filed.  JPay already expected, given its discussion with Plaintiff's counsel, that the Second Amended Complaint would no longer name it as a Defendant.  And when JPay did not receive notice of a Second Amended Complaint, it seems to have assumed that its expectation was correct and that it was dropped from the case.  Though not a particularly wise assumption, especially given counsel's failure to enter an appearance, the Court believes that it resulted from the good-faith, informal understanding JPay had reached with Plaintiff's counsel.  The Court therefore finds that good cause exists for JPay's failure to timely respond to Plaintiff's Second Amended Complaint.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Summary Judgment and Motion for Default Judgment (Docs. 60 and 74) are **DENIED.**

**IT IS FURTHER ORDERED** that JPay respond to the Second Amended Complaint within seven days of the date of this Order.

**IT IS SO ORDERED.**

Dated this 25th day of February, 2022.


ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE