## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

SHAIDON BLAKE,

   *Plaintiff,*

vs.

             Case No. 18-CV-03146-EFM

JPAY, INC., *et al.*,

   *Defendants.*

## MEMORANDUM AND ORDER

Plaintiff Shaidon Blake, proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983 against Defendants Joe Norwood, Paul Snyder, and JPay, Inc.  Norwood and Snyder were, at the times relevant to this lawsuit, senior officials in the Kansas Department of Corrections ("KDOC"); specifically, Norwood was the Secretary of Corrections for the State of Kansas and Snyder was the Warden of the El Dorado Correctional Facility ("EDCF"), the penal institution in which Plaintiff was (and remains) incarcerated.  JPay is a communications service provider for KDOC.

Plaintiff claims that Defendants, in their individual and official capacities, violated his First Amendment Rights by censoring a book cover he attempted to import into EDCF.  Norwood and Snyder ("the KDOC Defendants") now move for summary judgment.  They contend Plaintiff's

claims against them in their individual capacities must fail because the uncontroverted facts show they did not personally participate in the alleged constitutional violation.  Alternatively, they argue they are entitled to qualified immunity.  The KDOC Defendants further contend that Plaintiff's claims for injunctive relief against them in their official capacities are not yet ripe for adjudication.  For the reasons laid out more fully below, the Court agrees, and thus grants KDOC Defendants' Motion for Summary Judgment (Doc. 61).

## I.       Factual and Procedural Background[1]

Plaintiff is an inmate incarcerated at EDCF in El Dorado, Kansas.  On May 22, 2018, Plaintiff was sent two emails with the same photo of a book cover.  This was the cover of a book titled "Doggystyle Confessions of a Serial Cheater."  According to Plaintiff, he is the author of this "nonfiction book" and had planned to distribute it first within the prison system.  Only the book cover was sent to Plaintiff, and he did not attempt to get the book itself into any KDOC facility at this time.

The book cover at issue depicts two individuals.  In the foreground is woman, apparently nude, sitting on her legs.  The profile of the woman is almost completely visible, with major sex characteristics either shielded by the woman's arm or covered in shadow.  A man wearing only athletic shorts is visible in the background.  The aforementioned title is scrawled across most of the cover.

KDOC intercepted and censored the two photos of this cover before they reached Plaintiff.  An individual named K. Mishler issued the censorship notice, which stated that the photos were

---

[1] In accordance with summary judgment procedures, the Court has laid out the uncontroverted material facts in the light most favorable to the non-moving party, the Plaintiff.

censored as sexually explicit pursuant to Kansas Administrative Regulations § 44-12-313.[2] Plaintiff protested this censorship decision to the Secretary of Corrections. Doug Burris, as the Secretary's designee, denied the protest based on his belief that it met the definition of sexually explicit material in K.A.R § 44-12-313. Neither Norwood nor Snyder directly participated in the censorship nor personally reviewed the censorship at any point.

Plaintiff believes that the censorship "interrupted the marketing strategy of the publishing company taking away the momentum built up over the previous year." He claims this led to a "collapse of the business structure" that forced Plaintiff to "pull this book from circulation until a later date."

Plaintiff filed suit in this Court on June 19, 2018. The Court, after screening the Complaint and Amended Complaint under 28 U.S.C. § 1915A, ultimately dismissed the action for failure to state a claim for a violation of Plaintiff's First Amendment Rights. Plaintiff timely appealed, and the Tenth Circuit reversed. The panel concluded that Plaintiff had properly stated a claim for a

---

[2] K.A.R. § 44-12-313 provides as follows: "(a) No inmate shall have in possession or under control any sexually explicit materials, including drawings, paintings, writing, pictures, items, and devices.

(b) The material shall be considered sexually explicit if the purpose of the material is sexual arousal or gratification and the material meets either of the following conditions:

(1) Contains nudity, which shall be defined as the depiction or display of any state of undress in which the human genitals, pubic region, buttock, or female breast at a point below the top of the aerola is less than completely and opaquely covered; or

(2) contains any display, actual or simulated, or description of any of the following:

(A) Sexual intercourse or sodomy, including genital-genital, oral-genital, anal-genital, and anal-oral contact, whether between persons of the same or differing gender;

(B) masturbation;

(C) bestiality; or

(D) sadomasochistic abuse

violation of his First Amendment Rights. The matter was remanded to this Court for further proceedings.

In April 2020, during the pendency of this litigation, a photo of the book cover at issue was released to Plaintiff by KDOC. Libby Keogh, a Corrections Manager for KDOC, avers that Plaintiff has never attempted to get the full book "Doggystyle Confessions of a Serial Cheater" into any KDOC facility.

Plaintiff filed his Second Amended Complaint in July 2021. This is now the operative complaint, through which Plaintiff continues to seek compensatory damages, punitive damages, and an "order allowing [his] books in the KDOC." The KDOC Defendants now move for summary judgment.

## II.    Legal Standards

Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue as to any material fact and they are entitled to judgment as a matter of law.[3] A fact is "material" when it is essential to the claim, and issues of fact are "genuine" if the proffered evidence permits a reasonable jury to decide the issue in either party's favor.[4] The movant bears the initial burden of proof, though "a movant that will not bear the burden of persuasion at trial need not negate the nonmovant's claim."[5] "Such a movant may make its prima facie demonstration simply by pointing out to the court a lack of evidence for the nonmovant on an essential element

---

[3] Fed. R. Civ. P. 56(a).

[4] *Haynes v. Level 3 Commc'ns, LLC*, 456 F.3d 1215, 1219 (10th Cir. 2006) (quoting *Bennett v. Quark, Inc.*, 258 F.3d 1220, 1224 (10th Cir. 2001)).

[5] *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

of the nonmovant's claim."[6]   The nonmovant must then bring forth "specific facts showing a genuine issue for trial."[7]   These facts must be clearly identified through affidavits, deposition transcripts, or incorporated exhibits—conclusory allegations alone cannot survive a motion for summary judgment.[8]   The court views all evidence and draws "reasonable inferences therefrom in the light most favorable to the nonmoving party."[9]

Because Plaintiff proceeds pro se, the Court construes his filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers.[10]   But the court does not assume the role of advocate for a pro se litigant.[11]   Also, "pro se parties [must] follow the same rules of procedure that govern other litigants."[12]

## III.   Analysis

Plaintiff brings his First Amendment claim against KDOC Defendants under 42 U.S.C. § 1983, which permits an injured claimant to bring suit against a person who, acting under the color of state law, violated the claimant's federally protected rights.[13]   Plaintiff here does not specify whether he seeks relief from KDOC Defendants in their individual or official capacities.   But when, as here, a section 1983 plaintiff proceeds against state officials, he or she "may sue individual-capacity defendants only for money damages and official-capacity defendants only for

---

[6] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998) (citing *Celotex Corp.*, 477 U.S. at 325).

[7] *Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th §Cir. 2005) (quoting *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999)).

[8] *Mitchell v. City of Moore*, 218 F.3d 1190, 1197 (10th Cir. 2000) (quoting *Adler*, 144 F.3d at 670–71).

[9] *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004) (quoting *N. Tex. Prod. Credit Ass'n v. McCurtain Cty. Nat'l Bank*, 222 F.3d 800, 806 (10th Cir. 2000)).

[10] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[11] *Id.*

[12] *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (citation and internal quotation marks omitted).

[13] 42 U.S.C. § 1983.

injunctive relief."[14]  Because Plaintiff seeks both types of relief, the liberal construction afforded Plaintiff's filings leads the Court to conclude he intended to bring both individual and official capacity claims against the KDOC Defendants.  The Court examines each in turn.

## A.   Individual Capacity Claims

To the extent Plaintiff's claims are against the KDOC Defendants in their individual capacities, summary judgment is appropriate because the uncontroverted facts show that neither Defendant personally participated in the alleged deprivation of Plaintiff's First Amendment rights. "Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation."[15]  To establish personal participation, Plaintiff must show how each named individual caused the deprivation of a federal right.[16]

The uncontroverted facts make clear that neither Norwood nor Snyder actually reviewed Plaintiff's request or were personally involved in the censorship decision.  But the Court cannot stop here, as Defendants may also be subject to liability under § 1983 based on their role as supervisors.  Supervisory liability "allows a plaintiff to impose liability upon a defendant-supervisor who creates, promulgates, or implements a policy which subjects, or causes to be subjected that plaintiff to the deprivation of any rights secured by the Constitution."[17]  This theory, however, does not equate to respondeat superior, and thus does not permit the imposition of vicarious liability on the supervisor-defendant.[18]  Rather, the plaintiff must show an "affirmative

---

[14] *Brown v. Buhman*, 822 F.3d 1151, 1162 n. 10 (10th Cir. 2016) (quoting *Brown v. Montoya*, 662 F.3d 1152, 1161 n. 5 (10th Cir. 2011).

[15] *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997) (citation omitted).

[16] *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

[17] *Cox v. Glanz*, 800 F.3d 1231, 1248 (10th Cir. 2015) (cleaned up) (quoting *Montoya*, 662 F.3d 1163–64).

[18] *Id.*

link" between the supervisor and the Constitutional deprivation.[19]   Such an "affirmative link" requires a showing of (1) the defendant's personal involvement, (2) a sufficient causal connection between the defendant's involvement and the constitutional deprivation, and (3) the defendant's culpable state of mind.[20]

Plaintiff has offered no evidence that either Norwood or Snyder possessed a culpable state of mind with respect to the censorship of Plaintiff's book cover.  The uncontroverted facts show that neither was directly involved in the censorship, and Plaintiff has not offered anything to suggest that either Defendant knew of his request to receive the book cover.  Nor is there any evidence that either Defendant knew of Plaintiff *at all*.  Plaintiff thus appears to ask for the imposition of liability on these Defendants solely on the basis of their supervisory status over the persons who actually issued and affirmed the censorship.  This, however, is not enough to show personal participation.[21]   "Section 1983 does not authorize liability under a theory of respondeat superior."[22]

Because Plaintiff has failed to offer any evidence that the KDOC Defendants possessed a culpable state of mind, no reasonable jury could conclude that either Defendant was affirmatively linked to the alleged First Amendment violation in the censorship.  As such, Defendants are entitled to summary judgment on Plaintiff's claims against them in their individual capacities.[23]

---

[19] *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

[20] *Dodds v. Richardson*, 614 F.3d 1185, 1195 (10th Cir. 2010).

[21] *Id.*

[22] *Montoya*, 662 F.3d at 1164 (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)).

[23] Because the Court concludes neither Defendant personally participated in the alleged constitutional violation, the Court need not consider the issue of qualified immunity.

**B.      Official Capacity Claims**

Plaintiff seeks injunctive relief against Defendants in their official capacities.[24] Specifically, he seeks an "order allowing plaintiffs [sic] books in the KDOC." Defendants respond that this issue is not yet ripe for adjudication, as Plaintiff has never attempted to get the full book into a KDOC facility and therefore it has never been reviewed for censorship.

"The ripeness doctrine aims 'to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements.' "[25]   In considering the ripeness of a particular claim, courts look to "[1] the *fitness* of the issue for judicial resolution and [2] the *hardship* to the parties of withholding judicial consideration."[26]   The first prong is concerned with "whether the matter involves uncertain events which may not happen at all, and whether the issues involved are based on legal questions or factual ones."[27]   The second prong asks "whether the challenged action creates a direct and immediate dilemma for the parties."[28]

Plaintiff's request for an "order allowing [his] books in the KDOC" is not yet ripe for review.  The uncontroverted affidavit of Libby Keogh, a Corrections Manager for the KDOC, shows that Plaintiff has never attempted to get the full book "Doggystyle Confessions of a Serial Cheater" into any KDOC facility.  In May 2018, he attempted only to get the book's *cover* into EDCF.  KDOC rebuffed this attempt at the time, but ultimately released the book cover to Plaintiff

---

[24] Though the Eleventh Amendment generally bars suits brought by individuals against state official acting in their official capacities, claims for prospective, injunctive relief are generally seen as an exception to this general rule under the doctrine of *Ex Parte Young*. *See Harris v. Owens*, 264 F.3d 1282, 1289 (10th Cir. 2001).

[25] *Tarrant Reg'l Water Dist. v. Herrmann*, 656 F.3d 1222, 1249 (10th Cir. 2011) (quotation omitted), *aff'd*, 569 U.S. 614 (2013).

[26] *Id.* (emphasis in original) (quotation omitted).

[27] *Skull Valley Band of Goshute Indians v. Nielson*, 376 F.3d 1223, 1237 (10th Cir. 2004).

[28] *New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1498–99 (10th Cir. 1995) (internal quotation marks omitted).

in April 2020.  Because he was allowed to receive the cover and has never attempted to get the full book into a KDOC facility, it is entirely uncertain whether KDOC officials would censor the full book.  Plaintiff seems to believe KDOC officials would, to cite the old adage, judge the book by its cover and censor the whole of it.  This is nothing but pure conjecture.

Further, there is little hardship to Plaintiff in withholding judicial consideration, as he does not face a direct or immediate dilemma until he attempts to import his book into a facility *and* it is censored.  As the facts stand, it is completely speculative to say that will happen at all.  He may either continue his current course of not attempting to get the book into EDCF, or he may so attempt and receive the book uncensored.  Both prongs of the ripeness doctrine thus favor dismissing Plaintiff's claims for injunctive relief under the First Amendment.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Summary Judgment (Doc. 61) is **GRANTED.**  Defendants' Joe Norwood and Paul Snyder are dismissed from this matter.

**IT IS SO ORDERED.**

Dated this 21st day of March, 2022.


ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE