IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHAIDON BLAKE,

    *Plaintiff,*

vs.

JPAY, LLC, *et al.*,

    *Defendants.*

Case No. 18-3146-EFM

**MEMORANDUM AND ORDER**

    Before the Court are several motions by Plaintiff Shaidon Blake.  His first Motion is captioned as a Motion for Reconsideration of the Court's Memorandum and Order Granting the Joint Motion for Summary Judgment of Defendants Paul Snyder and Joe Norwood (Doc. 81).  His second is captioned as a Motion for Summary Judgment/Default Judgment against Defendant JPay LLC (Doc. 82).  Because Plaintiff's recent Notice of Interlocutory Appeal (Doc. 88) has divested the Court of jurisdiction, the Court must deny both Motions.

    **I.**    **Factual and Procedural Background**

    Plaintiff filed suit against Norwood, Snyder, and JPay on account of the censoring, by the Kansas Department of Corrections, of the cover of his self-published book, "Doggystyle Confessions of a Serial Cheater," which he attempted to receive while in Kansas state prison.  On

March 21, 2022, this Court granted Norwood and Snyder's Motions for Summary Judgment. Plaintiff moved for reconsideration of that Order seven days later. He has since filed several "supplements" to his Motion for Reconsideration.

Up until quite recently, Defendant JPay had not engaged in this litigation nor had counsel made an appearance on its behalf. On February 24, 2022, Plaintiff asked the Court to order an entry of default against JPay, on account of its failure to engage in the litigation. The Court issued an Order requiring JPay to show cause as to why the Court should not order the entry of default against it. JPay timely responded, and the Court found that it had shown good cause for its failure to appear up to that point. The Court ordered JPay to respond to Plaintiff's Second Amended Complaint within seven days. JPay filed a Motion to Compel Arbitration within that time frame. The Court found that this satisfied its Order and granted the motion on April 26, 2022. Before the Court issued its Order, Plaintiff again moved for "Summary Judgment/Default Judgment" against JPay.

On May 26, 2022, Plaintiff filed a Notice of Interlocutory Appeal, seeking to appeal the Court's Order granting Norwood and Snyder's Motion for Summary Judgment.

## II.    Jurisdiction

The Court must first address whether it retains jurisdiction to grant relief with respect to the instant motions.[1] Generally, "when a litigant files a notice of appeal, the district court loses jurisdiction over the case, save for 'collateral matters not involved in the appeal.' "[2] However,

---

[1] Even though the parties do not raise this issue of jurisdiction, the Court must consider the matter *sua sponte*. *Okla. Tpk. Auth. v. Bruner*, 259 F.3d 1236, 1241 (10th Cir. 2001).

[2] *McKissick v. Yuen*, 618 F.3d 1177, 1196 (10th Cir. 2010) (quoting *Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1237 (10th Cir. 1998)).

when a "timely Rule 59(e) motion is pending," a notice of appeal is "ineffective to confer jurisdiction on a court of appeals."³ A corollary to this principle is that, under these circumstances, the district court retains jurisdiction over the case until the Rule 59(e) motion is resolved.⁴ Both Plaintiff and Defendants seem to agree that his Motion to Reconsider is properly treated as a Rule 59(e) motion. This, however, is not self-evident.

Rule 59(e) permits a party to "request reconsideration of a *final judgment*."⁵ There has been no final judgment, however, where the Court's order has not disposed of all claims by all parties.⁶ The Court's Order granting summary judgment to Norwood and Snyder did not dispose of Plaintiff's claims against JPay, and thus a motion for reconsideration of that order is not a motion for reconsideration of a final judgment under Rule 59(e).

Plaintiff's request is more properly construed as a motion for reconsideration under Rule 54(b), which states that "any order or other decision . . . that adjudicates fewer than all the claims or rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."⁷ Other courts in this circuit have held that "[a]uthority to reconsider an interlocutory order . . . exists solely under

---

³ *Skagerberg v. Oklahoma*, 797 F.2d 881, 883 (10th Cir. 1986) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 61 (1982)).

⁴ *D.L. v. Unified Sch. Dist. #497*, 2002 WL 31296445, at *1 (D. Kan. 2002).

⁵ *Haulmark v. Kansas*, 2021 WL 5711929, at *1 (D. Kan. 2021) (emphasis added). *See also* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a *judgment* must be filed no later than 28 days after the entry of the *judgment*.") (emphasis added); *Nelson v. City of Albuquerque*, 925 F.3d 1187, 1193 (10th Cir. 2019) (Hartz, J., dissenting) ("All Rule 59 (e) motions are filed after entry of final judgment.").

⁶ *New Mexico v. Trujillo*, 813 F.3d 1308, 1316 (10th Cir. 2016).

⁷ Fed. R. Civ. P. 54(b).

Rule 54(b)."[8]  Accordingly, the Court views Plaintiff's Motion for Reconsideration as one under Rule 54(b).

This is relevant to the question of the Court's jurisdiction because, while certain motions, including under Rule 59(e), toll the time to file a notice of appeal and thus prevent a filed notice of appeal from divesting the district court of jurisdiction,[9] a motion under Rule 54(b) does not do so.[10]  Plaintiff's Motion to Reconsider under Rule 54(b) cannot prevent the divestiture of the Court's jurisdiction over this case as a result of his later Notice of Appeal.  The Court has no jurisdiction to grant the relief Plaintiff seeks, and thus must deny both of his pending motions.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 81) and "Motion for Summary Judgment/Default Judgment" (Doc. 82) are **DENIED.**

**IT IS SO ORDERED.**

Dated this 27th day of June, 2022.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[8] *Ziegler v. Dale*, 2019 WL 1882679, at *1 (D. Wyo. 2019) (citing *SFF-TIR, LLC v. Stephenson*, 264 F. Supp. 3d 1148, 1218-19 (N.D. Okla. 2017)).

[9] *See Skagerberg*, 797 F.2d at 883 ("Under Rule 4(a)(4), a timely Rule 59(e) motion tolls the time for filing a notice of appeal from a district court judgment.  A notice of appeal filed while a timely Rule 59(e) motion is pending is ineffective to confer jurisdiction on a court of appeals.") (citations omitted).

[10] *See* Fed. R. App. P. 4(a)(4) (listing the motions that toll the time to file a notice of appeal).