# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

SHAIDON BLAKE,

                     Plaintiff,

v.

JPAY,
PAUL SNYDER, and
JOE NORWOOD

               Defendants.

Case number: 5:18-cv-03146-EFM-GEB

### RESPONSE TO PLAINTIFF'S MOTION TO COMPEL ARBITRATION

Defendant JPay LLC ("JPay") through counsel Whitney L. Casement of Stevens and Brand, L.L.P., submits this Response to Plaintiff's Motion to Compel Arbitration. JPay requests that the Court deny Plaintiff's request for a court order requiring JPay to initiate arbitration, stating the following reasons in support.

According to Section 9 of the Terms and Conditions and Warranty Policy ("Terms and Conditions") that governs the current dispute, either party may initiate arbitration. (Terms and Conditions attached as **Exhibit A**) (stating that "either party may initiate arbitration"). Furthermore, the Terms and Conditions do not require JPay to initiate the arbitration or pay the initial arbitration fees. Plaintiff fails to point to any law that gives the Court authority to order JPay to initiate arbitration where the parties' agreement regarding arbitration does not require JPay to do so.

1

JPay has not failed, neglected, or refused to arbitrate, a prerequisite to a motion to compel pursuant to 9 U.S.C. § 4, or refused to arbitrate, a prerequisite under Florida law, which govern the parties' agreement pursuant to section 9(i) of the Terms and Conditions. *See* Fla. Stat. § 682.03 (allowing for court order to arbitrate upon showing of refusal to arbitrate); *see also Smith v. Currency Trading Int'l Inc.*, *No. 98-1311*, 1999 U.S. App. LEXIS 18182, at *4 (10th Cir. Aug. 3, 1999) ("As an example of circumstances where a court order would be needed, we noted a party's refusal to appoint an arbitrator where the arbitration agreement provided that each party shall select one."); *Standard Magnesium Corp. v. Fuchs*, 251 F.2d 455, 458 (10th Cir. 1957) ("It is only where the arbitration may not proceed under the provisions of the contract without a court order that the other party is really aggrieved."); *Merrill Lynch, Pierce, Fenner & Smith v. King*, 812 F. Supp. 1217, 1218 (M.D. Fla. 1993) ("in order to be entitled to an order compelling arbitration, the moving party must be 'aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration.'").

For these reasons, JPay respectfully requests that the Court deny Plaintiff's request for an order requiring JPay to initiate arbitration.

Respectfully submitted,
STEVENS & BRAND, LLP


By:   *s/ Whitney L. Casement*
WHITNEY L. CASEMENT, #25466
4848 S.W. 21st Street, Suite 201
Topeka, Kansas 66604
Telephone:  785-408-8000
Fax: 785-408-8003
Email: WCasement@StevensBrand.com
*Counsel for JPay LLC*


## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of December, 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court via the CM/ECF e-filing system, and a copy sent via first class mail, postage prepaid, to:

Shaidon Blake
96323
El Dorado Correctional Facility—Central
P.O. Box 311
El Dorado, KS 67042

                    */s/ Whitney L. Casement*
                    Whitney L. Casement