## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SHAIDON BLAKE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JPAY, INC., et al., )<br>)<br>Defendants, )<br>) | Case No. 18-3146-EFM-GEB |

## <u>MEMORANDUM AND ORDER</u>

This matter comes before the Court on Plaintiff's Motion to Compel Action (**ECF No. 93**). JPay, Inc. ("JPay") previously moved to compel the parties to engage in arbitration and to stay proceedings in this Court. On April 26, 2022, District Judge Eric F. Melgren granted JPay's motion. Plaintiff initially opposed arbitration, however, where the Court ordered it and JPay had not initiated arbitration proceedings, Plaintiff brought the instant motion to compel action. On January 26, 2023, the Court heard oral argument via Zoom. Plaintiff appeared pro se, via videoconference. Defendant JPay appeared through counsel, Whitney L. Casement and Jonathan A. Heller. After careful consideration of all briefing and hearing arguments from counsel and parties, the Court orally **DENIED** Plaintiff's motion. This Order memorializes the Court's rulings from the hearing on Plaintiff's motion.

## I.      Procedural and Factual Background[1]

Plaintiff, an inmate at the El Dorado Correctional Facility, attempted to obtain the cover image of his book, "Doggystyle Confessions of a Serial Cheater" through Defendant JPay. JPay provides communications, money transfer, video visitation and other services to inmates housed in the Kansas Department of Corrections ("KDOC") facilities. When his attempt failed because the image was censored, this civil rights action against JPay and two KDOC officials followed. JPay did not make an appearance in this matter until fairly recently.[2] After responding to an Order to Show Cause, JPay was ordered to respond to Plaintiff's Second Amended Complaint no later than March 4, 2022. JPay timely responded filing a Motion to Compel Arbitration, and/or Stay Proceedings Pending Arbitration as Against or Related to JPay, Inc.[3] JPay's motion was granted on April 26, 2022.[4]

The KDOC officials, Joe Norwood and Paul Snyder, were dismissed from this matter on March 21, 2022.[5] Plaintiff filed a Notice of Interlocutory Appeal regarding dismissal of the KDOC officials.[6] An appeal was docketed with the United States Court of

---

[1] Unless otherwise indicated, the information recited in this section is taken from the Second Amended Complaint (ECF No. 43). This background information should not be construed as judicial findings or factual determinations.

[2] See ECF Nos. 69 and 75 for discussion on the history of JPay's appearance in this case.

[3] ECF No. 77.

[4] ECF No. 87.

[5] ECF No. 79

[6] ECF No. 88.

Appeals for the Tenth Circuit on May 26, 2022[7] but was ultimately dismissed for lack of prosecution on August 2, 2022.[8]

When no arbitration had been commenced, on November 30, 2022 Plaintiff filed the instant motion asking the Court to compel JPay to initiate the ordered arbitration arguing the delay in commencing arbitration has prevented him from appealing the ruling dismissing the KDOC officials. JPay responded arguing the terms and conditions of the arbitration agreement with Plaintiff neither require JPay to initiate the arbitration nor pay the initial arbitration fees.

## II.    Plaintiffs' Motion Compel Action (ECF No. 93)

Judge Melgren, in his Memorandum and Order granting JPay's Motion to Compel Arbitration, analyzed portions of Section 9 of the Terms of Service and Warranty Policy between inmates who use JPay's services and JPay, entitled "Dispute Resolution & Arbitration Agreement" ("Agreement"). Judge Melgren found an enforceable agreement existed between Plaintiff and JPay, the Agreement covered the dispute at issue in this case, and stayed the litigation. The question to be answered in the current motion is whether the language of the Agreement requires JPay to initiate the arbitration proceedings. For the reasons discussed below, the Court finds it does not.

---

[7] ECF No. 90.
[8] ECF No. 92.

Plaintiff proceeds in this matter pro se, therefore the Court construes his filings liberally and holds them to a less stringent standard.[9] However, the Court can neither assume the role of advocate for a pro se litigant[10] nor excuse him from "follow[ing] the same rules of procedure that govern other litigants."[11]

## A.     Discussion

Plaintiff argues JPay's failure to initiate arbitration proceedings after moving to compel arbitration prevents him from appealing the Court's summary judgment rulings which dismissed KDOC officials from this action.[12] The Federal Arbitration Act at 9 U.S.C. § 4 provides "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement." JPay denies it has failed, neglected, or refused to participate in arbitration and thus Plaintiff has not been aggrieved requiring an order under 9 U.S.C. § 4. The Court is inclined to agree.

JPay's Motion to Compel Arbitration, and/or stay Proceedings Pending Arbitration as Against or Related to JPay, Inc. sought to enforce the terms of the parties' Agreement

---

[9] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).
[10] *Id.*
[11] *Nielsen v. Price,* 17 F.3d 1276, 1277 (10th Cir. 1994) (quotation omitted).
[12] The Court notes Plaintiff filed an interlocutory appeal to the Tenth Circuit which was dismissed for failure to prosecute after the Tenth Circuit identified a potential jurisdictional defect and Plaintiff failed to respond. See ECF No. 92.

which as the District Judge has determined requires the use of arbitration to resolve the dispute at issue. Nowhere in its motion did JPay seek leave to initiate arbitration proceedings against Plaintiff. Likewise, nowhere in Judge Melgren's Memorandum and Order granting JPay's motion, is JPay ordered to initiate arbitration proceedings against Plaintiff.

"It is only where the arbitration may not proceed under the provisions of the contract without a court order that the other party is really aggrieved."[13] Paragraph (b) of the parties' Agreement addresses the informal dispute resolution which is a condition precedent "before either party initiates any arbitration…against the other party."[14] And paragraph (f) of the Agreement addresses the procedure for arbitrating disputes where the amount in dispute is "equal to or greater than $50,000"[15] as is the case here. Paragraph (f) directs that "**either party may initiate arbitration**, which shall be conducted by the American Arbitration Association…."[16] Under Florida law,[17] when interpreting a contract "a court should give effect to the plain and ordinary meaning of its terms."[18] "Words should be given their natural meaning or the meaning most commonly understood in relation to the subject matter and circumstances, and reasonable construction is preferred to one that is

---

[13] *Standard Magnesium Corp. v. Fuchs*, 251 F.2d 455, 458 (10th Cir. 1957).
[14] ECF No. 77-1 at 9.
[15] *Id.* at 10.
[16] *Id.* (emphasis added.).
[17] Section 9(i) of the agreement addresses governing law. The Agreement is to be "governed by, and interpreted, construed, and enforced in accordance with the United States Federal Arbitration Act…." "To the extent state law applies…Florida law will govern."
[18] *Golf Scoring Systems Unlimited, Inc. v. Remedio*, 877 So.2d 827,829 (Fla. 4th DCA 2004) (citing *Volusia Cnty. v. Aberdeen at Ormond Beach, L.P.*, 760 So.2d 126, 132 (Fla. 2000)).

unreasonable."[19] Thus, under the terms of the Agreement, giving effect to the plain and ordinary meaning of the words "either party may initiate arbitration," Plaintiff may initiate arbitration. If Plaintiff is permitted to initiate arbitration, then arbitration may proceed under the provisions of the contract without a court order thus he is not aggrieved by JPay's delay in initiating arbitration as he claims.

Even if the Court were to find Plaintiff had been aggrieved and a court order was necessary, 9 U.S.C. § 4 directs a court after hearing the parties and upon being "satisfied that the making of the agreement for arbitration" is not an issue "the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." And as discussed above, the terms of the Agreement allow either party to initiate arbitration. The Court agrees with JPay the parties' Agreement does not require JPay to initiate arbitration.

Ultimately, the claims at issue are Plaintiff's to pursue. He brought his claims against JPay and the KDOC officials in this Court. The District Judge has determined an enforceable agreement to arbitrate exists between Plaintiff and JPay and the Agreement covers the dispute at issue in this case.[20] If Plaintiff wishes to further pursue his claims against JPay he should do so in accordance with the parties' Agreement.

Although the Court does not intend to interpret the parties' Agreement for Plaintiff, it does intend to set deadlines which requires some discussion of the Agreement. Plaintiff shall commence Informal Dispute Resolution pursuant to § 9(b) of the Agreement no later

---

[19] *Id.* (quoting *Thompson v. C.H.B., Inc.,* 454 Fo.2d 55, 57 (Fla. 4th DCA 1984)).
[20] ECF No. 87 at 9.

than ten days after the entry of this Order. JPay shall respond within the thirty days provided in that section for response and certify its response with this Court advising the Court whether the parties have resolved Plaintiff's claims. If the claims are not resolved through the informal dispute resolution process, based upon Plaintiff's assertions regarding the amount of the dispute, Plaintiff should initiate arbitration to be "conducted by the American Arbitration Association ("AAA") before one (1) arbitrator and pursuant to its Commercial Arbitration Rules"[21] no later than 120 days after JPay files its certification of response with the Court.

A Status Conference is set for April 4, 2023 at 10:00 a.m. via Zoom to discuss the status of the informal resolution process and steps towards the commencement of arbitration. However, based upon the deadlines set forth above, it is not the Court's expectation arbitration with  the American Arbitration Association will have been initiated prior to the Status Conference.

Based on the foregoing, **IT IS THEREFORE ORDERED** Plaintiff's Motion to Compel Action **(ECF No. 93)**  is **DENIED**.

**IT IS FURTHER ORDERED** the parties shall comply with the deadlines for informal dispute resolution, and arbitration, if necessary, as set forth above.

**IT IS FURTHER ORDERED** a Status Conference is set in this matter for April 4, 2023 at 10:00 a.m. via Zoom.

---

[21] ECF No. 77-1 at 10.

**IT IS SO ORDERED**.

Dated this 26th day of January, 2023.


s/ Gwynne E. Birzer
GWYNNE E. BIRZER
U.S. Magistrate Judge