UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SHAIDON BLAKE,<br><br>           Plaintiff,<br><br>v.<br><br>JPAY, INC,<br><br>           Defendant. | Case Number: 5:18-cv-03146-EFM-GEB |

**DEFENDANT JPAY, INC.'S RESPONSE TO MOTION TO END STAY AND RECONVENE PROCEEDINGS**

DEFENDANT JPAY, INC. ("JPay"), by and through counsel Whitney L. Casement of the firm Stevens & Brand, LLP, submits the following response to Plaintiff Shaidon Blake's ("Blake") Motion to End Stay and Reconvene Proceedings. JPay respectfully requests that this Court deny the motion and proceed to appointment of an arbitrator. JPay states the following in support.

JPay has attempted to communicate with AAA on why it has determined JPay to be out of compliance with AAA's Consumer Rules and Protocol and has been unable to obtain an answer. In any case, in section 9(f) on page 10 of the Terms of Service which Blake agreed to states that if AAA is unwilling to hear the dispute, then the parties must try to agree to another comparable arbitrator provider. If the parties cannot agree, then the Court is to appoint a new arbitrator. (Doc. 77-1, Terms of Service and Warranty Policy at 10) ("In the event AAA is unavailable or unwilling to hear the Dispute, the

1

parties shall agree to another comparable arbitration provider, and if they are unable to agree, the parties shall apply to a court for appointment of a new arbitrator, pursuant to Section 5 of the Federal Arbitration Act.").

Therefore, the Court does not have grounds to lift the stay in this case, as the parties must move forward with attempting to agree to an arbitrator. Because JPay does not believe attempts to agree to an arbitrator will be fruitful, JPay respectfully requests that the Court appoint an arbitrator pursuant to Section 5 of the Federal Arbitration Act ("FAA"), which states:

> If in the agreement provision be made for a method of naming or appointing an arbitrator or arbitrators or an umpire, such method shall be followed; but if no method be provided therein, or if a method be provided and any party thereto shall fail to avail himself of such method, or if for any other reason there shall be a lapse in the naming of an arbitrator or arbitrators or umpire, or in filling a vacancy, then upon the application of either party to the controversy the court shall designate and appoint an arbitrator or arbitrators or umpire, as the case may require, who shall act under the said agreement with the same force and effect as if he or they had been specifically named therein; and unless otherwise provided in the agreement the arbitration shall be by a single arbitrator.

9 U.S.C.S. § 5.

Blake argues that Kansas Department of Corrections rules state that "no prisoner can enter into a contract while in the custody of the K.D.O.C." JPay is unaware of a rule that says this and without any citation to the specific rule to which Blake is referring, JPay cannot further respond to this argument.

For these reasons, JPay respectfully requests that the Court deny Blake's motion to lift the stay in this case and further requests that the Court appoint an arbitrator pursuant to the parties' agreement and the FAA.

> Respectfully submitted,
> STEVENS & BRAND, LLP
>
> By: *s/ Whitney L. Casement*
> Whitney L. Casement #25466
> 4848 SW 21st St., Suite 201
> Topeka, KS 66604
> Tel: 785-408-8000
> Fax: 785-408-8003
> Email: WCasement@StevensBrand.com
> *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of May 2023, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court via the CM/ECF e-filing system, and a copy sent via first class mail, postage prepaid, to:

Shaidon Blake
#96323
El. Dorado Correctional Facility
P.O. Box 311
El Dorado, KS 67042

> *s/ Whitney L. Casement*
> Whitney L. Casement