1

In The United States District Court for Kansas

Shaidon Blake
    Petitioner/Plaintiff

V.

Warden Williams E.D.C.F.,

Deputy Warden Bos E.D.C.F,

Deputy Warden House E.D.C.F,

Deputy Warden Moore EDCF.,

EAI John Cannon           Case No. _____

Attorney for K'Doc Natasha Carter    In Re: Case No. 5:18-cv-

Sec. Zmuda            03146-EFM-GEB

## Memorandum in support for Injunctive relief

The mentioned defendants did all conspire to obstruct justice in United States District Court Case No's 21-cv-3046-SAC and 21-cv-03176-SAC. The defendants did willfully and unlawfully obstruct justice by stalling, burrying, and interfering with plaintiffs administrative remedies. This concerted effort obstruct justice in order to circumvent established laws pursuant to the Inter State Corrections Compact rules under Marylands D.C.D. 100-179 III (D), on monitoring and maintaing records. Retalitory actions in furtherance of the obstruction and criminal conspiracy are including; unjustified use of force, unlawful long term segregation, disciplinary hearings with disposition from (6) hearings never held. Refusal of administration to comply with the administrative remedy procedure by responding to my (4) grievances concerning serious claims of misconduct in violation of I.M.P.P. 02-118, falsified official documents that negatively impacted my parole, and

the retaliation that happened as a result of my grievances. Unit team Supervisor's Henke reported "there does seem to be some significant misconduct that negatively impacted Mr. Blakes chance of parole." (see ex#2)

Exhibit #5 is the grievance with plaintiffs attempt at resolution to only be ignored consistantly since filed 4-1-22. Administration has under 2 weeks to respond. Exhibit shows the chain of custody to include 2 classification administrators, 2 unit teams, and the warden. The grievance procedure is the only remedy a prisoner has to address problems in prison, so when the administrative remedies are interfered with, that leaves no legal means of addressing a prisoners issues.

Section §1512 (c)(1) Fed.R.C.P provides: (c) who ever corruptly: (1) alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the objects integrity or availability for use in an official proceeding" Shall be fined under this title or imprisoned not more than 20 years, or both." Unit team Manager Henke made Classification Administrators Bos and Powers aware of (6) disciplinary hearings falsified by Sgt Randolph and Lt. Johnson. These DR's were never held in violation of due process but they both made disposition for those hearings that were never held. Then SST Chiles wrote a narrative after a hospital run with the plaintiff but his original report was changed by Major Randolph to justify placement onto long term segregation. Chiles later told UTM Henke that his report was changed and not by him. He stated concerning the threats recorded on the report "Mr Blake never made those comments and I never wrote the report to say he did." This conversation came after I stayed on seg for a year and 8 months and was denied for parole.

Pursuant to 42 U.S.C.S § 1985, conspiracy to interfere with civil rights, the respondents, with their actions did violate this stature, Sub-section (2), pertainant part, states; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any state or territory, with intent to deny any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;

Sub section (2) protects the petitioner from the illegal actions perputrated by the respondents. To prevent disclosure of the illegal actions of falsified official documents and misconduct by correctional staff, the respondents did hinder any investigative process due according to law, impeding in the course of due process and equal protection under the law. Once the respondents became aware of the illegal actions of their sub-ordinates, they all conspired to keep said actions hidden by failing to immediately investigating the serious claims. Due to the serious nature of the illegal offenses, which not only violated state and federal law, but IMPP 02-118 as well, the respondents were obligated to legally address the matter, but failed to do so. This failure amounts to dereliction of duty and immediate dismissal is the appropriet sanction along with other legal ramifications.

42 U.S.C.S § 1986 states; "Every person who, having knowledge that any of the wrongs conspired to be done, and

mentioned in the preceding section 42 U.S.CS § 1985, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case.

The respondents knew of the actions perpetrated against petitioner, did nothing to stop these actions, and allowed the offense to continue. The most insulting to the rule of law is the impediment of due process from the respondents. This is when they refuse to respond to the grievances on the issue by the petitioner and the avoidance went on for over a year and continues to date. The inmate rule book states under article 15, concerning grievances, "(c) at each stage, all grievances shall be answered in as short a time as possible to insure that delay will not impose additional hardship upon the inmate or unnecessarily prolong a misunderstanding" (44-15-101 (c))

Under 44-15-101 a. (f), states "A procedure shall be established by the warden for investigating the allegations and establishing the facts of each grievance. An inmate or employee who appears to be involved in the matter shall not participate in any capasity in the response or resolution of the grievance." This is important to note because petitioner has grieved the falsification of official legal documents that effected parole, but also the obstruction of the investigation by the respondents. The persons being grieved are the persons responsible for resolution of the grievance. A recusal

of authority to investigate should have taken place, but what happened was the next level of obstruction occured. Deputy Warden House was informed by SST Chiles well over 6 months ago that the allegations of falsified documents, was true, and instead of correcting the misarriage of justice, the process was further stalled by his refusal to respond to the grievances. Under 44-15-102 (A)(ii) it states," Each inmate grievance shall be returned to the inmate with an answer, within 10 working days from the date of receipt. (B) Each answer shall contain findings of facts, conclusions drawn, the reasons for the conclusions, and the actions taken by the warden," none of which happened in violations of their own policies.

  If a incarcerated person can not rely on the only vehicle given to resolve issues, than you send the resounding message that the law or rules do not apply to law enforcement or any one deemed responsible for maintaining order. The status quo is rules only apply to the incarcerated. This is a negative precedent that effects, effective corrections, the mission statement of K.DO.C and its secretary.

  This undelt with issue has exposed a problem within the department of corrections. The audacity displayed through entitlement and privilege, that allows such disregard for law, rule and the civil rights of man, is worthy of federal review of the conduct of state correctional employees, especially at E.D.C.F.. 44-15-104 states under (a) "Inmates. No adverse action shall be taken against any inmate for use of the grievance procedure". This was ignored when administration allowed the

6

petitioner to be harrased, over looked for jobs, and recieved harsh undeserved treatment as a result of filing a civil suit and grievances.

Warden Williams recieved notification of the issues several times. (See Ex # 3, 5, 7, & 12). Deputy Warden Bos was personally informed by the petitioner but done nothing to fix the proven wrongs perpetrated against petitioner. In fact, Deputy Warden Bos did more than neglect to prevent (42 U.S.C.S §1986), she aided in the hinderance of any inquiry that could have resolved the issues, using her position to intimidate the petitioner through "black ball" tactics. (See #5, Deputy Warden Bos was forwarded complaint from her unit team staff on 4-13-22). Deputy Warden Moore has been aware of every aspect of the complaint, yet done nothing to solve the issues. Deputy Warden Howse and petitioner had several meetings concerning the resolution of the falsification of official legal documents, discussing how the actions of EDCF employees mentioned in complaint, caused the petitioner to be passed for 7 years on parole. (See Ex # 1, 2, 3, 4) Deputy Warden Howse, even though he verified all the petitioners claims, done nothing to resolve the serious matter. EAI Supervisor John Cannon also was informed of the serious crime of misconduct; obstruction of justice, by falsification of official legal documents but refused to investigate. His department then later became ran by EAI Sissle who stated it wasn't his job to investigate the serious claims. KDOC Attorney Natasha Carter was tasked with assertaining the facts of a unrelated suit, but the courts order was to interview the plaintiff/petitioner was ignored. It was required by the courts to "(c) to determine whether other like complaints

whether pending in this court or elsewhere, are related to this complaint and should be considered together. Ms Carter failed to inform the court of the issue discussed in this complaint. In fact, Ms Carter knew about the issues discussed, but it wasn't in the best interest of KDOC for more proof of illegal activities to be exposed to the courts. The Deputy Warden Howse and Ms Carter both used the courts dismissal of the action the Martinez report was issued for, as an excuse to disregard this separate and distinct issue. What made the Martinez issue and this one being discussed is the retaliation. The Martinez report was only being used as an exhibit, not an attempt to combine two separate incidents. Because the state, through Ms Carter, did not fully comply with the courts order, failing to inform the court of "other related, or other like complaints" that existed, in doing so committed fraud on the court in violation of Fed. R.C.P 60 (B)(4) Her actions removed the courts ability to properly function. (see Ex# 41 )

Petitioners attempt at resolution with this Honorable court has been misconstrued as a "Motion for Reconsideration," a second one, but it is a request for Injunctive Relief, using the first motion for Reconsideration as an exhibit to support the need for relief. Judge Lungstrum ruled on a second motion for Reconsideration and the petitioner now informs this Honorable court that the motion for Reconsideration was one of several documents submitted as exhibits in this request for court order TRO. (see ex# 21)

8

The actions of the respondents are in violation of 18 U.S.C.S § 1961 (1) Racketeering under 18 U.S.C.S § 1512 relating to tampering with a witness, victim, or an informant, 18 U.S.C.S § 1503 relating to obstruction of justice, and 18 U.S.C.S §1513 relating to retaliation against a witness, victim or an informant, and relief is appropriate.

Every mentioned defendant has had the opportunity to correct this Manifest Injustice, but all failed to do so. The failure to act or to prevent this injustice constitutes dereliction of duty, a violation of their sworn oath and clearly detrimental to the plaintiffs' well being.

There were many attempts at resolution that were ignored and some refused by the respondents even after consultation with legal counsel, which due to the nature of this claim, amounts to a total disregard for petitioners civil rights. (see the affidavit's of truth)

This Honorable Court has jurisdiction over this request for Preliminary Injunction and Temporary Restraining Order because the actions claimed arised out of a civil complaint filed by the petitioner still before this Honorable Court, Blake v. JPay Inc, et. al. 5:18-cv-03146-EFM-GEB. The retaliation discussed started as a result of petitioner filing that civil complaint including warden Snyder, who at the time, was warden at E.D. c.F, and supervisor over the accused. (see Ex# 2Z, 3Z, 4Z, 5Z & 12Z) Ex# 11 Z is Deputy Warden Bos's response when asked was the petitioner ever forced medicated while at E.D.C.F. Her response

"Just checked w/ medical and he has never been force medicated," is in direct contradiction to the nurse's official report that states "EMS medicated the offender for pain and transported him to Wesley" (see Ex # 9 Medical narrative by Laura Christian) If the deputy Warden checked as she claimed, she would have had the correct info for report that's connected to an official inquiry. This was either gross neglect or parjury, either way Deputy Warden Bos disqualifies herself from being able to operate in the capasity as deputy Warden, acting under the Color of law.

For these reasons the petitioner PRAYS for the following:

1. For this Honorable Court to order Kansas Dept. of Corrections to respond to grievances # 222457102, 212887482, and 213673302 Ex#s # 3, 4, 5, 6, all unanswered — review for content and dates of submittion.

2. Order K.D.O.C. to correct the official record of the petitioner, reflecting the old record was indeed a false narrative.

3. Order K.D.O.C. to comply with Maryland ICC rules under duty to report D.C.D. 100-179 III (D), with a true and corrected official narrative concerning the issues of this order requested.

4. Order K.D.O.C. to send a corrected report to the Maryland Parole Commission and the Maryland Dept. of Corr. Icc coordinator.

5. a meeting with Sec. Zmuda and Warden William at EDCF to discuss policy to prevent future occurences.

6. A hearing on the merits

7. Any and all relief this Honorable Court deem fair and just.

Respectfully Submitted
Shaidon Blake #96323
EDCF PO Box 311
El Dorado, Ks. 67042

This was E-filed this 8th day of May 2023 to the U.S. District Court for Wichita Kansas.