IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHAIDON BLAKE,

    *Plaintiff,*

vs.

                                                      Case No. 18-CV-3146-EFM

JPAY, LLC, *et al.*,

    *Defendant.*

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff Shaidon Blake's Motion to Lift Stay (Doc. 107). The Court, pursuant to the parties' Dispute Resolution and Arbitration Agreement, previously granted JPay's motion to compel arbitration and stayed case proceedings. The parties' Agreement specified that the American Arbitration Association ("AAA") would arbitrate the dispute. But the AAA declined to arbitrate the dispute. Plaintiff, proceeding pro se, now asks the Court to lift the stay and reconvene proceedings. JPay opposes Plaintiff's Motion and asks the Court to appoint a new arbitrator under § 5 of the Federal Arbitration Act ("FAA"). Neither of these requests are in line with the parties' Agreement, which first requires the parties to attempt to agree to a comparable arbitrator if the AAA declines to arbitrate their case. Therefore, the Court denies Plaintiff's Motion.

### I. Factual and Procedural Background

This case's history is detailed in the Court's previous Order (Doc. 87). In short, Plaintiff is an inmate at El Dorado Correctional Facility within the Kansas Department of Corrections ("KDOC"). JPay contracts with the KDOC and provides various inmate services on kiosks or tablets, including email service. To utilize JPay's services, an inmate must agree to the JPay Terms of Service. Plaintiff attempted to obtain the cover page to his own book, "Doggystyle Confessions of a Serial Cheater," through JPay's services on May 22, 2019. The KDOC censored the cover image of the book and Plaintiff now brings this 42 U.S.C. § 1983 suit alleging First Amendment right violations.

Previously, the Court granted JPay's motion to compel arbitration (Doc. 87). Section 9 of the JPay Terms of Service is titled "Dispute Resolution & Arbitration Agreement." The first line of the Agreement states in bold, capital letters "[t]his agreement requires the use of arbitration on an individual basis to resolve disputes, rather than jury trials or class actions." Section 9(f) names the AAA as the designated arbitrator and further states:

> In the event the AAA is unavailable or unwilling to hear the Dispute, the parties shall agree to another comparable arbitration provider, and if they are unable to agree, the parties shall apply to a court for appointment of a new arbitrator, pursuant to Section 5 of the Federal Arbitration Act.

While Plaintiff denied that he agreed to such terms, the Court found the Agreement to arbitrate between the parties enforceable, compelled arbitration for Plaintiff's claims, and stayed case proceedings.

Following the Court's Order, Plaintiff filed a Submission to Dispute Resolution with the AAA.[1]  However, the AAA declined to arbitrate the case.  The AAA stated that JPay failed to comply with its Consumer Arbitration Rules, forcing the denial.  JPay states that is has been unable to determine why it is out of compliance.

## II.    Legal Standard

The FAA governs this Motion.  "In enacting § 2 of the [FAA], Congress declared a national policy favoring arbitration and withdrew the power of the states to require a judicial forum for the resolution of claims that the contracting parties agreed to resolve by arbitration."[2]  The Tenth Circuit recognizes that the FAA "manifests a liberal federal policy favoring arbitration."[3]  If a court finds an enforceable agreement to arbitrate, the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement."[4]  Under those circumstances, the Supreme Court has held that there is "no place for the exercise of discretion," and a stay is required until the plaintiff has arbitrated each claim encompassed by the arbitration clause.[5]

Plaintiff proceeds pro se in this case.  Accordingly, the Court construes his filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers.[6]  However,

---

[1] After the Court granted JPay's motion to compel arbitration on April 26, 2022, neither party had initiated arbitration proceedings.  Plaintiff moved to compel JPay to initiate arbitration on November 30, 2022.  The Magistrate Judge denied Plaintiff's motion and ordered the parties to engage in informal dispute resolution.  The Magistrate Judge further ordered the Plaintiff to initiate arbitration within 120 days of JPay's certification of response if the informal dispute resolution did not resolve the case.  The case was not resolved, and Plaintiff timely initiated arbitration.

[2] *Southland Corp. v. Keating*, 465 U.S. 1, 10 (1984).

[3] *Image Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1055 (10th Cir. 2006) (quotation omitted).

[4] 9 U.S.C. § 3.

[5] *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985).

[6] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

the Court does not assume the role of advocate for a pro se litigant.[7]  Additionally, a pro se litigant must "follow the same rules of procedure that govern other litigants."[8]

### III.   Analysis

Plaintiff primarily asks the Court to lift the stay in this case.  Plaintiff also asks the Court to rule on "the undisputed issues in [the] claim" and appoint Plaintiff counsel.  In his Reply, Plaintiff further asks the Court for relief from its judgments as to the former KDOC Defendants in this case under Fed. R. Civ. P. 60(b) (Doc. 110).[9]  JPay opposes Plaintiff's Motion and asks the Court to appoint a new arbitrator, believing any attempt to agree on a new one would be futile.  The Court first examines the Motion to Lift Stay and then considers Plaintiff's additional requests.

**A.   Motion to Lift Stay**

Arbitration and the stay of proceedings remains appropriate.  The Court concluded an enforceable agreement to arbitrate covers the parties' dispute in this case.  Though Plaintiff now attempts to argue that a Kansas Administrative Regulation makes the agreement unenforceable,[10] this argument is untimely and the Court will not consider it.[11]

After finding an enforceable agreement to arbitrate, a court must stay case proceedings "until such arbitration has been had *in accordance with the terms of the agreement*."[12]  Section

---

[7] *Id.*

[8] *Nielson v. Price*, 17 F.2d 1276, 1277 (10th Cir. 1994).

[9] The Court previously granted summary judgment in favor of the KDOC Defendants.

[10] K.A.R. § 44-12-209 (stating that no KDOC inmate "shall enter into a contract . . . without the principal administrator's approval.")  There has been no evidence whether the Warden of El Dorado Correctional Facility gave approval for prisoners to enter into an agreement with JPay.

[11] *See Hoffman v. United Telecomm., Inc.*, 1989 WL 81060, at *3 (D. Kan. 1989) ("Defendants seek to argue issues which it should have raised in its memoranda when the issue was first presented. To this extent it constitutes a motion for reconsideration. As such it is untimely.")

[12] 9 U.S.C. § 3 (emphasis added).

9(f) of the parties' Agreement provides that arbitration will be conducted by the AAA. The AAA's refusal to arbitrate the dispute complicates the matter, but the Agreement's terms provide guidance for the Court. If the AAA declines to hear the dispute for any reason, Section 9(f) provides two alternative routes. First, the parties are to agree to a comparable arbitrator. Second, if no agreement is reached, the parties shall apply to the Court for the appointment of an arbitrator under § 5 of the FAA.

Arbitration has not yet been had in accordance with the terms of the parties' Agreement. The parties have made no attempt to agree to a different arbitrator. Although JPay believes that attempts to agree will be unsuccessful, the Agreement's terms require that the parties attempt to do so before asking the Court to appoint an arbitrator. Because arbitration has not yet been had in accordance with the Agreement, the stay must remain in place.

Because the stay remains in place, the Court also denies Plaintiff's requests to schedule interrogatories, depositions, and a trial. Additionally, the Court denies ruling on any undisputed issues in the claim at this time. To ensure the terms of the Agreement are followed, the Court further orders the parties to agree to a comparable arbitrator within twenty-one days of the date of this Order. If no agreement can be reached, JPay may then file a motion for the Court to appoint an arbitrator.

**B.      Plaintiff's Additional Requests**

Plaintiff's request for appointed counsel is denied. There is no constitutional right to appointed counsel in a civil case.[13] Rather, the decision to appoint counsel is within the Court's

---

[13] *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989).

discretion.[14] When considering whether to appoint counsel in a civil case, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims."[15] The Court previously denied Plaintiff's requests for appointed counsel, twice, finding that (1) Plaintiff has not asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments (Docs. 42 & 45). Plaintiff makes no argument to support his present request for appointed counsel. The claims and issues in this case remain unchanged and Plaintiff continues to appear capable of adequately presenting his case. Accordingly, the Court denies Plaintiff's request for appointed counsel.

The Court need not address Plaintiff's request to void the Court's previous judgments under Rule 60(b). Issues not raised in the opening brief, but rather only in a reply brief, are deemed abandoned or waived.[16] Plaintiff's request to "reopen case on codefendants [b]ased on Rule 60(b) void judgment due to ruling contrary to law . . . ." is only raised in the last paragraph of his Reply. Therefore, the Court will not address Plaintiff's Rule 60(b) request[17]

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Lift Stay (Doc. 107) is **DENIED.**

---

[14] *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

[15] *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004).

[16] *Coleman v. B-G Maint. Mgmt. of Colo., Inc.*, 108 F.3d 1199, 1205 (10th Cir. 1997), *abrogated in part on other grounds by Bostock v. Clayton Cnty., Georgia*, 207 L. Ed. 2d 218, 140 S. Ct. 1731, 1734 (2020).

[17] Plaintiff does not specify which Rule 60(b) ground for relief he seeks, but his request to "void judgment due to ruling contrary to law" indicates a Rule 60(b)(4) "the judgment is void" argument. Under Rule 60(c)(1), a Rule 60(b)(4) motion "must be made within a reasonable time." Summary judgment in the KDOC Defendants' favor was granted on March 21, 2022. Even a proper 60(b)(4) motion would now be raised well over a year from the Court's previous judgments.

**IT IS FURTHER ORDERED** that the parties attempt to agree to a comparable arbitrator within twenty-one days of the date of this Order.  If the parties cannot agree, JPay will apply to the Court for appointment of an arbitrator.

**IT IS SO ORDERED.**

Dated this 12th day of June, 2023.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE