## Arbitration Scheduling Order

**Case Name:**   *Blake v. JPay, Inc.*

**Arbitrator:**   Diane H. Sorensen

Because of the incarceration of the complainant, Mr. Shaidon Blake, a Scheduling Conference was not held in this matter. By letter dated September 7, 2023, I requested the parties provide any feedback as to scheduling. On October 6, 2023, I received a letter from Respondent, copied to Complainant, with suggested deadlines and the request to file a dispositive motion. Having received no response from Complainant, the following Scheduling Order is now in place in this matter:

1. **Hearing on the Merits:**

    The hearing will take place via Zoom.

    **Date(s):**   May 23, 2024

    **Time:**   9:00 AM CST

2. **Pre-Hearing Mediation Attempt:**

    The Parties will contact the Arbitrator if they agree to explore the option of mediation at any point in time.

3. **Discovery:**

    **Discovery completed:**   February 2, 2024

    The Parties expect production of documents, not just responses and objections, to be made by the deadline specified above, to the extent reasonable, and agree to work with each other in good faith regarding any materials that may take longer to produce.

    No Party may send more than twenty-five (25) interrogatories to any other Party.

    The Parties agree to work together in good faith on the appropriate amount and length of depositions, recognizing the nature and purpose of arbitration while also respecting each Party's need for discovery.

    The Parties agree to follow the Federal Rules of Civil Procedure regarding the scope and supplementation of discovery, and that the Federal Rules of Civil Procedure will govern discovery disputes between the Parties with regard to the forms of discovery authorized by the Arbitrator. Nothing in this Order shall be construed to authorize forms of, or limits on, discovery not expressly authorized by the Arbitrator.

If any discovery disputes arise, the Parties agree to try to resolve the issue between themselves. If they are unable to agree, then they will contact the Arbitrator, who will resolve the dispute. The Arbitrator may request a briefing or a conference in order to make a determination.

4. **Dispositive Motions:**

   A Dispositive Motion will be allowed in this matter.

   **Motion:**     March 8, 2024

   **Response:**   April 8, 2024

   **Reply:**      April 22, 2024

   The briefing page limit found in D.Kan.Rule 7.1(d) will apply to all briefs.

5. **Stipulations of Uncontested Facts (if any):**

   **Deadline:**   May 10, 2024

6. **Identification and Exchange of Witnesses:**

   **Claimant:**    May 10, 2024

   **Respondent:**  May 17, 2024

   Identification of each witness shall include the individual's name, address, and phone number, along with a brief summary of the individual's anticipated testimony.

   The Parties do not anticipate the need for expert witnesses and therefore do not require a separate deadline for expert witness disclosures.

7. **Identification and Exchange of Exhibits:**

   **Claimant:**    May 10, 2024

   **Respondent:**  May 17, 2024

   Each proposed exhibit shall be pre-marked for identification and sufficient copies brought to the Hearing for the Arbitrator. The Parties will work together to create a joint exhibit notebook.

8. **Court Reporter:**

   Any Party desiring a stenographic record shall make arrangements directly with a stenographer and shall notify the other Party and the Arbitrator of these arrangements at least **three (3) days in advance of the Hearing**. The requesting Party or Parties shall pay the cost of the record.

9. **Form of Award:**

   The Arbitrator shall issue a reasoned opinion unless the Parties agree otherwise.

   _____
   Diane H. Sorensen, Arbitrator

   Date:   October 12, 2023