UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHAIDON BLAKE,

        Plaintiff,

v.

JPAY, INC.,

        Defendant.

Civil Case No. 18-03146-EFM-GEB

**DEFENDANT JPAY, INC.'S MOTION TO**
**CONFIRM ARBITRATION AWARD**

Defendant JPay, Inc. ("JPay"), through counsel Whitney L. Casement of Stevens & Brand, L.L.P., and pursuant to Section Nine of the Federal Arbitration Act ("FAA") (9 U.S.C. § 9) respectfully moves to confirm the arbitration award issued in an arbitration between JPay and Plaintiff Shaidon Blake ("Blake").

**I.**     **Procedural History**

Blake filed this case against two KDOC officials and JPay alleging, inter alia, that JPay took part in an alleged scheme to censor and ban the cover page of a book authored by Blake. In his second amended complaint—the operative complaint in this case filed on July 7, 2021—Blake sought injunctive relief in the form of an order allowing the book cover into a KDOC facility and compensatory and punitive damages. (Doc. 43 at 11).

On March 4, 2022, JPay moved to compel arbitration on Blake's claims against it and to stay proceedings in the district court. (Doc. 77). The Court granted JPay's motion

on April 26, 2022, over Blake's objection. (Doc. 87) The Court found that JPay's "Terms of Service and Warranty Policy" contained "an enforceable agreement to arbitrate" and that the agreement "covered the dispute at issue in this case." (Doc. 87 at 9).

After the American Arbitration Association ("AAA") declined to serve as arbitrator, the parties' jointly selected Diane Sorensen as alternate arbitrator. Ms. Sorensen agreed to serve in that capacity and initiated the arbitration proceedings. Of note, Blake never filed a complaint against JPay in the arbitration. Accordingly, JPay treated his Second Amended Complaint filed in the district court as the operative complaint in the arbitration. JPay filed a motion for summary judgment with the Arbitrator and requested that Blake's claims against JPay be dismissed as JPay was not a state actor subject to § 1983 liability. The motion was fully briefed, and on July 15, 2024, Arbitrator Sorensen issued her decision granting JPay's motion and dismissed Blake's claims as a matter of law. Now, JPay returns to the district court and asks the Court to confirm the Arbitrator's award and enter judgment in JPay's favor.

## II.     Arguments and Authorities

### a. Compliance with Section 13 of the FAA

As an initial matter, Section 13 of the FAA requires the party seeking confirmation of an arbitration award to submit certain documents to the court. They are:

> **(a)** The agreement; the selection or appointment, if any, of an additional arbitrator or umpire; and each written extension of the time, if any, within which to make the award.
> **(b)** The award.

> **(c)** Each notice, affidavit, or other paper used upon an application to confirm, modify, or correct the award, and a copy of each order of the court upon such an application.

> 9 U.S.C. § 13

To comply with this section, JPay notes that the arbitration agreement is currently on file with the Court (see Doc. 77-1), Ms. Sorensen's letter agreeing to serve as arbitrator is attached hereto as Exhibit A, JPay's requested extensions of time are attached hereto as Exhibit B, and the arbitration award is attached hereto as Exhibit C. There has been no application to modify or correct the award.

### b. The parties have consented to the entry of judgment consistent with the arbitration award.

JPay moves under Section Nine of the Federal Arbitration Act to confirm the arbitration award. Section Nine provides in relevant part:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified or correction as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

> 9 U.S.C. § 9.

The arbitration agreement between Blake and JPay provided the arbitration was conducted pursuant to the AAA's commercial arbitration rules. *See* Doc. 77-1 at 10, §(f). Rule R-54 of the AAA's commercial arbitration rules provide, in relevant part:

> (c) Parties to an arbitration under these Rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof.

ADR.org, Commercial Arbitration Rules and Mediation Procedures,

https://adr.org/sites/default/files/Commercial%20Rules.pdf (last visited Aug. 13, 2024).

Therefore, the parties' agreement in adopting the AAA's commercial arbitration rules provided for the entry of judgment with this Court. As such, the Court should enter judgment in JPay's favor.

### III. Conclusion

Wherefore, JPay respectfully requests the Court confirm the arbitrator's award and enter judgment in JPay's favor and for such other and further relief as the Court deems just and appropriate.

Respectfully submitted,
**STEVENS & BRAND, L.L.P.**

/s/ Whitney L. Casement
Whitney L. Casement #25466
4848 SW 21st Street, Suite 201
Topeka, KS 66604
Tel: 785-408-8000
Fax: 785-408-8003
WCasement@StevensBrand.com
*Local Counsel for Defendant JPay, Inc.*

By: /s/ Jonathan A. Heller
Jonathan A. Heller Florida Bar # 340881
Co-Counsel for JPay LLC
Law Offices of Jonathan A. Heller, P.A.
2332 Galiano Street, Suite 215
Coral Gables, FL 33134
Tel. 305-372-5000
Email: jonathan@jhellerlaw.com
*Pro Hac Vice* Counsel for JPay, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on the 13 day of August 2024, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court via the CM/ECF filing system and a copy mailed to Plaintiff Shaidon Blake, via U.S. Mail, postage prepaid to:

Shaidon Blake #343938 #2203362
WCI
13800 McMullen Hwy. SW
Cumberland, MD 21502

/s/ Whitney L. Casement
Whitney L. Casement

5