IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHAIDON BLAKE,

    *Plaintiff,*

vs.

JPAY, INC.,

    *Defendant.*

Case No. 18-CV-03146-EFM-GEB

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant JPay, Inc.'s ("JPay's") Motion to Confirm Arbitration Award (Doc. 119). For the reasons set forth below, the Court grants JPay's motion.

**I.    Factual and Procedural Background**

On June 19, 2018, Plaintiff Shaidon Blake filed this case against JPay, a communications provider for the Kansas Department of Corrections ("KDOC"), and two KDOC officials alleging, among other things, that JPay engaged in a scheme to censor and ban the cover page of a book he authored. In his Second Amended Complaint—the operative complaint in this case—Blake seeks compensatory and punitive damages and injunctive relief in the form of an order requiring the book cover to be allowed in KDOC facilities.

On March 4, 2022, JPay moved to compel arbitration on Blake's claims against it and to stay proceedings in the district court. JPay's motion was based on the "Dispute Resolution &

Arbitration Agreement," which Blake accepted before using JPay's services. The Court granted JPay's motion, finding that the agreement's "Terms of Service and Warranty Policy" contained "an enforceable agreement to arbitrate" and that the agreement "covered the dispute at issue in the case."

After the American Arbitration Association ("AAA") declined to serve as arbitrator, the parties jointly selected Diane Sorensen as alternate arbitrator. Sorensen agreed to serve in that capacity and initiated arbitration proceedings. Because Blake did not file a complaint against JPay in the arbitration proceedings, JPay treated his Second Amended Complaint as the operative complaint in the arbitration. JPay filed a motion for summary judgment on Blake's claims on the basis that JPay was not a state actor subject to liability under 42 U.S.C. § 1983. On July 15, 2024, Sorenson issued her decision granting JPay's motion and granted judgment in favor of JPay on Blake's claims.

On August 13, 2024, JPay moved the Court to confirm the arbitration award and enter judgment in its favor. JPay, however, incorrectly served the Motion on Plaintiff by mailing it to the wrong address. More than two months later, JPay realized its error. On October 23, 2024, JPay filed an Amended Certificate of Service stating that it mailed the Motion to Plaintiff's current address of record. That same day—shortly after JPay filed its Amended Certificate of Service—the Court issued a Memorandum and Order granting Defendant's Motion. But, because Plaintiff had not yet received the Motion, the Court vacated its Memorandum and Order. The Court also issued an Order stating that it would send a copy of JPay's Motion to Plaintiff's address of record and gave Plaintiff until November 21, 2024, to respond.

In December 2024, the Court learned that Plaintiff was transferred to a new correctional facility and thus did not receive JPay's Motion or any other documents that the Court mailed to

him. The Court then remailed JPay's Motion and all other documents to Plaintiff at his new address and gave him until February 21, 2025, to respond. Plaintiff did not file a response. Therefore, JPay's Motion is finally ripe for the Court's ruling.

## II. Legal Standard

JPay asks the Court to confirm the arbitration award under the Federal Arbitration Act ("FAA").[1] Section 9 of the FAA provides in pertinent part:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.[2]

"[J]udicial review of an arbitration award is very narrowly limited."[3] A court may only vacate an arbitration award under limited circumstances.[4] This includes the reasons stated in § 10 of the FAA: (1) where the award was procured by corruption, fraud, or undue means; (2) where the arbitrators acted with partiality or corruption; (3) where the arbitrators were guilty of misconduct in refusing to postpone a hearing, upon sufficient cause shown, or refusing to hear relevant evidence, or any other misbehavior resulting in prejudice to a party; or (4) where the arbitrators exceeded their powers such that a mutual, final, and definite award was not made.[5] An arbitration award may also be vacated for "a handful of judicially created reasons," such as a

---

[1] 9 U.S.C. § 1 *et seq*.

[2] 9 U.S.C. § 9.

[3] *ARW Expl. Corp. v. Aguirre*, 45 F.3d 1455, 1463 (10th Cir. 1995) (quoting *Foster v. Turley*, 808 F.2d 38, 42 (10th Cir. 1986)).

[4] *Denver & Rio Grande W. R.R. Co. v. Union Pac. R.R. Co.*, 119 F.3d 847, 849 (1997) (citations omitted).

[5] 9 U.S.C. § 10(a)(1)-(4).

violation of public policy or manifest disregard of the law.[6]  "Outside of these limited circumstances, an arbitration award must be confirmed."[7]  In reviewing an arbitration award, the Court must "give extreme deference to the determination of the arbitration panel for the standard of review of arbitral awards is among the narrowest known to law."[8]

### III.     Analysis

JPay asks the Court to confirm the arbitrator's award and enter judgment in JPay's favor. As an initial matter, the Court must address whether JPay has complied with § 13 of the FAA. That section requires a party seeking confirmation of an arbitration award to submit the following documents to the Court:

> (a) The agreement; the selection or appointment, if any, of an additional arbitrator or umpire; and each written extension of the time, if any, within which to make the award.
> (b) The award.
> (c) Each notice, affidavit, or other paper used upon an application to confirm, modify, or correct the award, and a copy of each order of the court upon such an application.

Here, the arbitration agreement is currently on file with the Court.  Attached to JPay's motion are the remaining required documents: (1) Sorenson's letter agreeing to serve as arbitrator, (2) JPay's requested extensions of time to file its dispositive motion, and (3) the arbitration award.  Blake has not made an application to modify or correct the award.  Therefore, JPay has complied with § 13 of the FAA in moving for confirmation of the arbitration award.

---

[6] *Denver & Rio Grande W. R.R. Co.*, 119 F.3d at 850 (citations omitted).

[7] *Id.*  (citing 9 U.S.C. § 9).

[8] *Hollern v. Wachovia Sec., Inc.*, 458 F.3d 1169, 1172 (10th Cir. 2006) (quoting *Brown v. Coleman Co.*, 220 F.3d 1180, 1182 (10th Cir. 2000)).

Next, the Court must decide whether to confirm the arbitration award and enter judgment in JPay's favor. The FAA states that a federal court with jurisdiction "must grant" a motion to confirm an arbitration award, "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title."[9] Blake has not filed a response to JPay's motion, and thus does not argue that the Court should vacate, modify, or correct the arbitration award. Accordingly, if the Court finds that it has jurisdiction, it must confirm the arbitration award.[10]

"The question of a district court's jurisdiction to confirm an arbitration award is a two-step inquiry."[11] First, the movant seeking confirmation must establish federal subject matter jurisdiction.[12] Second, the movant must show that the parties agreed, either explicitly or implicitly, to subject the arbitration award to judicial confirmation.[13]

The Court has federal subject matter jurisdiction. The Tenth Circuit has recognized that "when a court with subject-matter jurisdiction orders arbitration and then stays the suit pending resolution of the arbitral proceedings, that court retains jurisdiction to confirm or set aside the arbitral award."[14] Blake asserts § 1983 claims against JPay. Thus, the Court had jurisdiction under

---

[9] 9 U.S.C. § 9.

[10] D. Kan Rule 7.1(c) states that if a party does not file a response to a motion by the applicable deadline, the Court will "consider and decide the motion as an uncontested motion. Ordinarily, the [C]ourt will grant the motion without further notice." Because Blake has not responded to JPay's Motion to Confirm Arbitration Award, the Court may also grant it under D. Kan. Rule 7.1(c).

[11] *Int'l Label Serv., Inc. v. Engineered Data Prods., Inc.*, 15 F. App'x 717, 719 (10th Cir. 2001) (citation omitted).

[12] *Id*. (citation omitted).

[13] *Id*. (citation omitted).

[14] *Dodson Int'l Parts, Inc. v. Williams Int'l Co., LLC*, 12 F.4th 1212, 1227 (10th Cir. 2021) (citation omitted).

28 U.S.C. § 1331 when ordering the arbitration and staying this suit and retains jurisdiction under 28 U.S.C. § 1331 to confirm the arbitration award.

Next, the Court considers whether the parties consented to judicial confirmation of the arbitration award. The arbitration agreement between Blake and JPay states that the arbitration must be conducted according to the AAA's commercial arbitration rules. Rule R-54 of the AAA's commercial arbitration rules provide, in part: "[p]arties to an arbitration under these Rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof."[15] Therefore, the parties' agreement in adopting the AAA's commercial arbitration rules provides for the entry of judgment with this Court.

Because the Court has jurisdiction and there is no ground to vacate, modify, or correct the arbitration award, the Court grants JPay's Motion to Confirm Arbitration Award.

**IT IS THEREFOR ORDERED** that Defendant JPay's Motion to Confirm Arbitration Award (Doc. 119) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court directs the Clerk of the Court to issue a Judgment consistent with this Order and close the case.

**IT IS SO ORDERED**.

Dated this 5th day of March, 2025.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[15] *Commercial Arbitration Rules and Mediation Procedures*, American Arbitration Association (Sept. 1, 2022), https://adr.org/sites/default/files/CommercialRules_Web_1.pdf.