UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHAIDON BLAKE,

        Plaintiff,

v.

JPAY, INC.,

        Defendant.

Civil Case No. 18-03146-EFM-GEB

**DEFENDANT JPAY, INC.'S RESPONSE TO PLAINTIFF'S MOTION COMPELLING COURT'S DENIAL OF ARBITRATION AWARD**

Defendant JPay, Inc. ("JPay"), through counsel Whitney L. Casement of Stevens & Brand, L.L.P., files this Response to Plaintiff's Motion Compelling Court's Denial of Arbitration Award.

**STATUS OF THE CASE AND MATTER BEFORE THE COURT**

Blake filed this case against two KDOC officials and JPay alleging, inter alia, that JPay took part in an alleged scheme to censor and ban the cover page of a book authored by Blake. In his second amended complaint—the operative complaint in this case filed on July 7, 2021—Blake sought injunctive relief in the form of an order allowing the book cover into a KDOC facility and compensatory and punitive damages. (Doc. 43 at 11). On March 21, 2022, the district court granted summary judgment to the KDOC officials on Blake's claims and dismissed them from the lawsuit.

On March 4, 2022, JPay moved to compel arbitration on Blake's claims against it and to stay proceedings in the district court. (Doc. 77). The Court granted JPay's motion

1

on April 26, 2022, over Blake's objection. (Doc. 87) The Court found that JPay's "Terms of Service and Warranty Policy" contained "an enforceable agreement to arbitrate" and that the agreement "covered the dispute at issue in this case." (Doc. 87 at 9).

After Plaintiff and JPay completed arbitration, JPay filed a Motion to Confirm Arbitration Award. Through a series of efforts to find Plaintiff and serve him with the Motion to Confirm at his new facility, the Court gave Plaintiff until January 21, 2025 to respond to the Motion to Confirm. (Doc. 124). On March 20, 2025, Plaintiff filed a Motion Contesting Motion to Confirm Arbitration Order, arguing that he did not have the ability to respond to the motion or properly prepare. (Doc. 129). He also argued that he did not know he could file a complaint in arbitration or that he could seek summary judgment. (Id. at 2). With this motion, Plaintiff filed an affidavit saying that he had not received the Court's orders until March 14, 2025. (Doc. 129-1). The Court then entered an order granting what it construed as Plaintiff "Motion for Reconsideration," giving Plaintiff "up to and including 5/23/2025 to file his response to the motion." (Doc. 130). Plaintiff then filed a Motion Compelling Court's Denial of Arbitration Award (Doc. 131) to which JPay herein responds.

## ARGUMENTS AND AUTHORITIES

The standard for reversal of an arbitration decision is set forth in *THI of N.M. at Vida Encantada, LLC v. Lovato*, 864 F.3d 1080, 1084-85 (10th Cir. 2017). Plaintiff has a very heavy burden in arguing for reversal. *Id*.

> [C]onvincing a court of an arbitrator's error—even his grave error—is not enough." *Id.* at 2070. "Because the parties 'bargained for the arbitrator's construction of their agreement,' an arbitral decision 'even arguably construing or applying the contract' must stand, regardless of a court's view of its (de)merits." *Id.* (quoting *E. Associated Coal Corp. v. UMW, Dist. 17*, 531 U.S. 57, 62, 121 S. Ct. 462, 148 L. Ed. 2d 354 (2000)).

*Id*. at 1084.

## I. Plaintiff failed to address any of the grounds for reversal contained in the Federal Arbitration Act (FAA).

Section 10(a) of the Federal Arbitration Act sets forth four grounds for vacating an arbitrator's decision. 9 U.S.C. § 10(a). "The first three grounds encompass various types of 'corruption, fraud, or undue means' and arbitrator misconduct. *Lovato*, 864 F.3d at 1084 (citing 9 U.S.C. § 10(a)(1)-(3)). The fourth ground asks whether the arbitrator exceeded their authority. For the fourth ground, the court analyses whether the arbitrator *arguably* interpreted the contract and not at whether that interpretation was actually correct. *Id*.

Plaintiff does not address any of the four grounds set forth in Section 10(a). Rather, he simply argues that the arbitrator got the facts and law wrong. For this reason, JPay will not address the grounds for reversal under this section of the FAA.

## II. Plaintiff failed to establish any judicially created grounds for reversal.

There exist judicially created exceptions to the grounds to vacate an arbitrator's decision. One such ground is the arbitrator must have manifestly disregarded the law, "which requires 'willful inattentiveness to the governing law.'" *Id*. at 1084-85. "To

warrant setting aside an arbitration award based on manifest disregard of the law,' the record must show that the arbitrators knew the law and explicitly disregarded it.'" *Id*. at 1085.

Plaintiff merely quibbles with the arbitrator's legal conclusions and factual findings rather than arguing willful disregard of the law. He argues that the arbitrator erroneously interpreted the law with regard to whether JPay was a state actor. See (Doc. 131, Pl's Motion at 2-8). Plaintiff simply disagrees with the arbitrator's conclusion that JPay's provision of email services was not an exclusively public function, comparing such services to the provision of phone services that other courts have found is not an exclusively public function. (Doc. 119-3, Arbitration Decision at 4). However, he fails to cite any legal precedent that he says the arbitrator willfully disregarded.

Plaintiff also argues that the arbitrator erred by not addressing whether JPay personally participated in the censorship of his book cover. (Doc. 131, at 8). The arbitrator made the decision not to address this argument, because she was able to dispose of the case through a finding that JPay is not a state actor. (Doc. 119-3, Arbitrator's Decision at 5). Again, he fails to cite to any law which the arbitrator disregarded.

Finally, he argues that the arbitrator erred when she held that his claim for injunctive relief was moot due to his being transferred to another state and out of the custody of the Kansas Department of Corrections. (Doc. 131, at 8-9). He argues that he

4

should be entitled to injunctive relief because he can attempt to sell his book in the future and intends to sell to the public and prison population. He says it is not relevant whether he is in the custody of the Kansas Department of Corrections. However, he fails to address how ordering Kansas officials will provide him relief when he is in the custody of another state.

Plaintiff did not raise any other judicially created grounds for reversal, and as such, JPay will not find and address any other grounds.

### III.     This Court cannot reconsider the merits of the arbitrator's decision.

Courts cannot reconsider the merits of an arbitrator's decision, even if a party argues the arbitrator made errors of fact. *Lovato*, 864 F.3d at 1083-84 (quoting *CEEG (Shanghai) Solar Sci. & Tech. Co. v. LUMOS LLC*, 829 F.3d 1201, 1206 (10th Cir. 2016)).

> The arbitrator's construction holds, however good, bad, or ugly. Any less deference would risk improperly substitute[ing] a judicial determination for the arbitrator's decision that the parties bargained for. It would also create a system in which arbitration would become merely a prelude to a more cumbersome and time-consuming judicial review process.

*Id*. (internal quotations and citations omitted).

Plaintiff argues that the arbitrator incorrectly stated the facts and that the arbitrator disregarded his evidence. (Doc. 131, at 1-2). He also argues that the arbitrator should have disregarded an affidavit submitted by JPay's Assistant General Counsel, which stated that "messages could not be released to incarcerated persons unless KDOC approved." (Id. at 3). He then goes on to discuss the underlying facts of the case,

5

arguing that the arbitrator should have found that JPay was the decisionmaker when it came to who censored the incoming message with his book cover. (Id. at 3-5).

Plaintiff also argues that the arbitrator incorrectly stated that he received a copy of the book cover through JPay's email service and through the mail. (Id. at 6-7).

Through all of these arguments, Plaintiff is requesting this Court to review the merits of the arbitrator's decision. This the Court simply cannot do and, as such, the Court should deny Plaintiff Motion Compelling Denial of the Arbitrator's Award.

### IV. Plaintiff had an opportunity to file a summary judgment motion and did in fact respond to JPay's summary judgment motion before the arbitrator.

JPay feels the need to correct Plaintiff's statement that he did not know he could respond to JPay's summary judgment motion in the arbitration. (Doc. 129 at 2). The record before the arbitrator belies Blake's assertion that he did not know he could respond to JPay's summary judgment motion, because Plaintiff filed a Statement of Case, a Response, and a Supplementary Response to the summary judgment motion.

### CONCLUSION

For the above and foregoing conclusions, including that the Plaintiff has failed to establish the very high burden of showing any of the grounds for reversal of the arbitration decision, the Court should deny Plaintiff's Motion Compelling Denial of Arbitration Award and should grant JPay's Motion to Confirm Arbitration Award (Doc. 119).

Respectfully submitted,
**STEVENS & BRAND, L.L.P.**

/s/ *Whitney L. Casement*
Whitney L. Casement #25466
4848 SW 21st Street, Suite 201
Topeka, KS 66604
Tel: 785-408-8000
Fax: 785-408-8003
WCasement@StevensBrand.com
*Local Counsel for Defendant JPay, Inc.*

By: /s/ *Jonathan A. Heller*

Jonathan A. Heller Florida Bar # 340881
Co-Counsel for JPay LLC
Law Offices of Jonathan A. Heller, P.A.
2332 Galiano Street, Suite 215
Coral Gables, FL 33134
Tel. 305-372-5000
Email: jonathan@jhellerlaw.com
*Pro Hac Vice* Counsel for JPay, LLC

## CERTIFICATE OF SERVICE

      I hereby certify that on the 27th day of May 2025, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court via the CM/ECF filing system and a copy mailed to Plaintiff Shaidon Blake, via U.S. Mail, postage prepaid to:

Shaidon Blake Y64906
10930 Lawrence Rd.
Sumner, Illinois 62466

                                        */s/ Whitney L. Casement*
                                        Whitney L. Casement