## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

SHAIDON BLAKE,

>    *Plaintiff,*

vs.                                                  Case No. 18-CV-03146-EFM-GEB

JPAY, INC.,

>    *Defendant.*

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant JPay, Inc.'s ("JPay's") Motion to Confirm Arbitration Award (Doc. 119). For the reasons set forth below, the Court grants JPay's Motion.

### I.    Factual and Procedural Background

On June 19, 2018, Plaintiff Shaidon Blake filed this case against JPay, a communications provider for the Kansas Department of Corrections ("KDOC"), and two KDOC officials alleging, among other things, that JPay engaged in a scheme to censor and ban the cover page of a book he authored. In his Second Amended Complaint—the operative complaint in this case—Blake seeks compensatory and punitive damages and injunctive relief in the form of an order requiring the book cover to be allowed in KDOC facilities.

On March 4, 2022, JPay moved to compel arbitration on Blake's claims against it and to stay proceedings in the district court. JPay's motion was based on the "Dispute Resolution &

Arbitration Agreement," which Blake accepted before using JPay's services.  The Court granted JPay's motion, finding that the agreement's "Terms of Service and Warranty Policy" contained "an enforceable agreement to arbitrate" and that the agreement "covered the dispute at issue in the case."

After the American Arbitration Association ("AAA") declined to serve as arbitrator, the parties jointly selected Diane Sorensen as alternate arbitrator.  Sorensen agreed to serve in that capacity and initiated arbitration proceedings.  Because Blake did not file a complaint against JPay in the arbitration proceedings, JPay treated his Second Amended Complaint as the operative complaint in the arbitration.  JPay filed a motion for summary judgment on Blake's claims on the basis that JPay was not a state actor subject to liability under 42 U.S.C. § 1983.  On July 15, 2024, Sorenson issued her decision granting JPay's motion and judgment in favor of JPay on Blake's claims.

On August 13, 2024, JPay moved to confirm the arbitration award and enter judgment in its favor. Plaintiff, however, was transferred to a new facility and did not receive JPay's Motion to Confirm.  The Court then engaged in a series of efforts to locate Plaintiff and serve him with the Motion.  It also issued an Order giving Plaintiff until February 21, 2025, to respond to the Motion. On March 5, 2025, having received no response from Plaintiff, the Court entered an Order granting JPay's Motion to Confirm.  Plaintiff then filed a Motion Contesting Motion to Confirm Arbitration Order, arguing that he was unable to prepare or respond to the Motion to Confirm due to extreme circumstances.  Plaintiff also submitted an affidavit stating that he did not receive the Motion to Confirm until March 14, 2025.  The Court construed Plaintiff's motion as a motion for reconsideration and gave Plaintiff up to May 23, 2025, to file his response.  On May 12, 2025, Plaintiff filed a "Motion Compelling Court's Denial of Arbitration Award," which the Court

construes as his response to the Motion to Confirm.  JPay filed a reply to Plaintiff's response on

May 26, 2025.  Therefore, JPay's Motion to Confirm is now ripe for the Court's ruling.

## II.    Legal Standard

JPay asks the Court to confirm the arbitration award under the Federal Arbitration Act

("FAA").[1]  Section 9 of the FAA provides in pertinent part:

> If the parties in their agreement have agreed that a judgment of the court shall be
> entered upon the award made pursuant to the arbitration, and shall specify the court,
> then at any time within one year after the award is made any party to the arbitration
> may apply to the court so specified for an order confirming the award, and
> thereupon the court must grant such an order unless the award is vacated, modified,
> or corrected as prescribed in sections 10 and 11 of this title.[2]

## III.    Analysis

## A.    Compliance with § 13 of the FAA.

As an initial matter, the Court must ensure JPay has complied with § 13 of the FAA. That

section requires a party seeking confirmation of an arbitration award to submit the following

documents to the Court:

> (a) The agreement; the selection or appointment, if any, of an additional arbitrator
> or umpire; and each written extension of the time, if any, within which to make the
> award.
> (b) The award.
> (c) Each notice, affidavit, or other paper used upon an application to confirm,
> modify, or correct the award, and a copy of each order of the court upon such an
> application.[3]

Here, the arbitration agreement is currently on file with the Court.  Additionally, JPay has provided

(1) Sorenson's letter agreeing to serve as arbitrator, (2) JPay's requested extensions of time to file

---

[1] 9 U.S.C. § 1 *et seq.*

[2] 9 U.S.C. § 9.

[3] 9 U.S.C. § 13.

its dispositive motion, and (3) the arbitration award. There is no notice, affidavit, or other document used to confirm, modify, or correct the award missing from the record. The award has not yet been confirmed, and Plaintiff has not argued that it should be modified or corrected. Therefore, JPay complies with § 13 of the FAA in moving for confirmation of the arbitration award.

## B.    Federal Subject Matter Jurisdiction and Consent to Judicial Confirmation

Next, the Court considers whether it has jurisdiction to confirm the arbitration award.[4] In the Tenth Circuit, this is a two-step inquiry.[5] First, the movant seeking confirmation must demonstrate federal subject matter jurisdiction.[6] Second, the movant must establish that the parties agreed to subject the arbitration award to judicial confirmation.[7]

JPay meets the first step of the inquiry. The Tenth Circuit has recognized that "when a court with subject-matter jurisdiction orders arbitration and then stays the suit pending resolution of the arbitral proceedings, that court retains jurisdiction to confirm or set aside the arbitral award."[8] Blake asserts claims under 42 U.S.C. § 1983 against JPay. Thus, the Court had jurisdiction under 28 U.S.C. § 1331 when ordering the arbitration and staying this suit. It retains jurisdiction under 28 U.S.C. § 1331 to confirm the arbitration award.

JPay also meets the second step of the inquiry. The arbitration agreement between Blake and JPay states that the arbitration must be conducted according to the AAA's commercial

---

[4] *Torgerson v. LCC Int'l, Inc.*, 2023 WL 1396479, at *8 (D. Kan. Jan. 31, 2023).

[5] *Id*. (citing *Int'l Label Serv., Inc. v. Engineered Data Prods., Inc*., 15 F. App'x 717, 719 (10th Cir. 2001)).

[6] *Id*.

[7] *Id*.

[8] *Dodson Int'l Parts, Inc. v. Williams Int'l Co., LLC*, 12 F.4th 1212, 1227 (10th Cir. 2021) (citation omitted).

arbitration rules.  Rule R-54 of the AAA's commercial arbitration rules provides, in part: "[p]arties to an arbitration under these Rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof."[9] Therefore, the parties' agreement in adopting the AAA's commercial arbitration rules provides for the entry of judgment with this Court.

## C.    Confirmation of the Arbitration Award

Finally, the Court addresses Plaintiff's arguments as to why the arbitration award should not be confirmed.  Generally, Plaintiff disputes the arbitrator's interpretation of the facts and the law.  Besides arguing that JPay's Motion should be denied, he asks the Court to "remand the case" and set a schedule for discovery and trial.  Plaintiff is, in essence, asking the Court to vacate the arbitration award.  But Plaintiff's arguments do not warrant this relief.

"[J]udicial review of an arbitration award is very narrowly limited."[10]  A court may only vacate an arbitration award under limited circumstances.[11]  This includes the reasons stated in § 10 of the FAA: (1) "where the award was procured by corruption, fraud, or undue means;" (2) where the arbitrators acted with partiality or corruption; (3) where the arbitrators engaged in misconduct by refusing to postpone a hearing after sufficient cause was shown, or by refusing to hear relevant evidence, or through any other prejudicial misbehavior; or (4) where the arbitrators exceeded their

---

[9] *Commercial Arbitration Rules and Mediation Procedures*, American Arbitration Association (Sept. 1, 2022), www.adr.org/rules-forms-and-fees/commercial/CommercialRules.pdf.

[10] *ARW Expl. Corp. v. Aguirre*, 45 F.3d 1455, 1463 (10th Cir. 1995) (quoting *Foster v. Turley*, 808 F.2d 38, 42 (10th Cir. 1986)).

[11] *Denver & Rio Grande W. R.R. Co. v. Union Pac. R.R. Co.*, 119 F.3d 847, 849 (10th Cir.1997) (citations omitted).

powers such that "a mutual, final, and definite award" was not made.[12]  An arbitration award may also be vacated for "a handful of judicially created reasons," such as a violation of public policy or manifest disregard of the law.[13]  "Outside of these limited circumstances, an arbitration award must be confirmed."[14]  In reviewing an arbitration award, the Court must "give extreme deference to the determination of the arbitration panel for the standard of review of arbitral awards is among the narrowest known to law."[15]

Plaintiff does not address any of the four grounds for reversal under § 10(a). Therefore, the Court cannot vacate the arbitrator's award based on these grounds.  Plaintiff also does not argue that the arbitration decision violates public policy.  This leaves a manifest disregard of the law as the only remaining ground for reversal.  "To warrant setting aside an arbitration award based on manifest disregard of the law, 'the record must show that the arbitrators knew the law and explicitly disregarded it.'"[16]

Plaintiff first argues that the arbitrator erred in finding that JPay was not a state actor. In her arbitration decision, the arbitrator analogized JPay's provision of email services to the provision of phone services, which the courts have found is not an exclusively public function.[17] Based on this analogy, the arbitrator concluded that the provision of email services was not an

---

[12] 9 U.S.C. § 10(a)(1)-(4).

[13] *Denver & Rio Grande W. R.R. Co.*, 119 F.3d at 849 (citations omitted).

[14] *Id.*  (citing 9 U.S.C. § 9).

[15] *Hollern v. Wachovia Sec., Inc.*, 458 F.3d 1169, 1172 (10th Cir. 2006) (quoting *Brown v. Coleman Co.*, 220 F.3d 1180, 1182 (10th Cir. 2000)).

[16] *THI of N.M. at Vida Encantada, LLC v. Lovato*, 864 F.3d 1080, 1084-85 (10th Cir. 2017) (quoting *Hollern*, 458 F.3d at 1176).

[17] *See McCoy v. Kan. Dep't of Corr.*, 2017 WL 3453399, at *5 (D. Kan. Aug. 8, 2017) (citation omitted).

exclusively public function, and therefore, JPay was not a state actor.  Plaintiff disagrees with the arbitrator's decision, but he does not identify any contradictory case law that the arbitrator explicitly disregarded.  Therefore, Plaintiff does not show that the arbitrator willfully disregarded the law when concluding that JPay is not a state actor.

Second, Plaintiff argues that the arbitrator erred by not addressing whether JPay personally participated in the constitutional violation.  The arbitrator stated in her decision that she was not going to address this argument because she disposed of Plaintiff's claim by finding that JPay was not a state actor.  Again, Plaintiff fails to cite any law that the arbitrator explicitly disregarded, and therefore, the Court cannot vacate the arbitration award on this basis.

Third, Plaintiff argues that the arbitrator erred in finding that his request for injunctive relief was moot because he was transferred to another state and was no longer in KDOC custody.  Plaintiff argues that he is entitled to injunctive relief because he intends to sell his book in the future to the public and prison population.  According to Plaintiff, it is not relevant whether he is in KDOC custody.  Plaintiff does not address, however, how KDOC officials can provide him relief when he is in the custody of another state.  He also fails to cite any law that the arbitrator disregarded in denying him relief.  Thus, this argument also does not warrant reversal of the arbitration award.

Finally, Plaintiff makes a number of arguments as to how the arbitrator incorrectly stated the facts or disregarded the evidence. He argues that (1) the arbitrator should have disregarded an affidavit submitted by JPay's Assistant General Counsel; (2) the arbitrator should have found that JPay was the entity who censored the incoming message with his book cover; and (3) the arbitrator incorrectly stated that Plaintiff received a copy of the book cover through JPay's email service and the mail. Through these arguments, Plaintiff is asking the Court to reconsider the merits of the

arbitrator's decision. But, courts cannot do this, even if a party asserts that the arbitrator made errors of fact.[18]  "The arbitrator's construction holds, however good, bad, or ugly. Any less deference would risk improperly substitut[ing] a judicial determination for the arbitrator's decision that the parties bargained for."[19]  Therefore, none of these arguments set forth a valid basis for vacating the arbitration award.

The FAA requires that a federal district court with jurisdiction "*must* grant" a motion to confirm an arbitration award "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title."[20]  Plaintiff fails to meet his high burden of showing any of the grounds for reversal of the arbitration award.  Furthermore, he makes no argument as to how or why the award should be modified or corrected.  Because the arbitration award is not vacated, modified, or corrected, the Court grants JPay's Motion to Confirm Arbitration Award.

**IT IS THEREFORE ORDERED** that Defendant JPay's Motion to Confirm Arbitration Award (Doc. 119) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court directs the Clerk of the Court to issue a Judgement consistent with this Order and close the case.

**IT IS SO ORDERED**.

Dated this 18th day of September, 2025.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[18] *Id.* at 1083-84 (quoting *CEEG (Shanghai) Solar Sci & Tech. Co. v. LUMOS LLC*, 829 F.3d 1201, 1206 (10th Cir. 2016)).

[19] *Id*. at 1084 (internal quotations and citations omitted).

[20] 9 U.S.C. § 9 (emphasis added).